1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JULIA MOLANDER  Bar No. 83839
2  julia.molander@sdma.com
   DEAN J. MCELROY  Bar No. 213132
3  dean.mcelroy@sdma.com
   LISA G. ROWE  Bar No. 232601
4  lisa.rowe@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
7
   Attorneys for Defendant
8  SPECIALTY RISK SERVICES

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  MARK ANTOINE FOSTER,                    CASE NO. CV 08-01421 MHP

12         Plaintiff,                       **DEFENDANT'S OPPOSITION TO**
                                            **MOTION TO REMAND ACTION TO**
13      v.                                  **STATE COURT**

14  SPECIALTY RISK SERVICES, and            JUDGE:  HON. MARILYN H. PATEL
    GRETCHEN DEVINE, as an individual,      DEPT:   COURTROOM 15, 18TH FLOOR
15  and DOES 1 through 91,                  DATE:   APRIL 28, 2008
                                            TIME:   1:00 p.m.
16         Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1    I.    **INTRODUCTION**

2        On February 7, 2008, plaintiff Mark Antoine Foster ("Foster") filed a Complaint in San

3    Francisco County Superior Court which included a claim for alleged violation of Civil Rights (28

4    U.S.C §1343), Mail Fraud (18 U.S.C. §1341), alleged Conspiracy to Mail Fraud (18 U.S.C.

5    §§1345, 1349), and alleged Wire Fraud (18 U.S.C. §1343).  On March 12, 2008, defendant

6    Specialty Risk Services ("SRS") timely and properly removed this action to federal court based

7    on federal question jurisdiction.

8        Plaintiff now seeks to have this Court remand this matter to state court, arguing that SRS

9    failed to timely serve the Clerk of the Superior Court with Notice of Removal, and further

10   arguing that his violation of civil rights, mail fraud, conspiracy to defraud, and wire fraud claims

11   do not present federal questions upon which removal may be based.  Plaintiff's arguments are

12   meritless.  Plaintiff specifically pled federal claims for mail fraud, conspiracy to defraud, and

13   wire fraud.  The cases cited by plaintiff are factually distinguishable, are inapplicable to the

14   present case, and do not serve as binding authority on this court.  Plaintiff's motion to remand

15   should be denied.

16   II.   **RELEVANT FACTS AND PROCEDURAL HISTORY**

17       On its face, plaintiff's Motion to Remand appears to be for remand of the instant action

18   filed by plaintiff against Specialty Risk Services.  However, defendant repeatedly refers to

19   Aramark Sports, LLC, and Morgan Lewis Bokius [sic] as the named defendants.  In addition,

20   plaintiff has asserted the wrong dates with respect to the filing of various documents by

21   defendant SRS.  It appears that defendant has simply copied a previous motion filed against

22   Aramark Sports and/or Morgan, Lewis and Bockius, but failed to insert the proper party name

23   and the proper dates of the documents alleged to be filed.  Therefore, SRS presents the

24   procedural history of this case, as reflected in the dockets of both the United States District Court

25   and the San Francisco Superior Court.

26       On or about March 9, 2007, plaintiff commenced an action in the Superior Court of the

27   State of California in and for the County of San Francisco, entitled *Mark Antoine Foster v.*

28   *ARAMARK, Inc., Ying Kee McVicker, Matthew Lee, and Does 1-51*, Case No. CGC-07-461178

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  ("*Foster I*"), alleging causes of action for: (1) constructive discharge; (2) retaliation; (3) failure to

2  prevent discrimination and harassment; (4) harassment and discrimination based on sex; and (5)

3  intentional infliction of emotional distress, all under California law.

4      On January 23, 2008, plaintiff in *Foster I* filed an Amended Complaint, which included

5  additional claims for violation of the Americans with Disabilities Act ("ADA"), the California

6  Fair Employment Housing Act ("FEHA"), and the Unruh Civil Rights Act.

7      On January 31, 2008, defendants in *Foster I* removed the action to the United States

8  District Court, Northern District of California, pursuant to 28 U.S.C. § 1441(b), based upon

9  plaintiff's federal ADA claim and federal question jurisdiction.

10     On February 7, 2008, plaintiff filed a separate complaint in the Superior Court of

11 California, County of San Francisco, bearing case number CGC-08-471939, naming as

12 defendants Specialty Risk Services, Gretchen Devine, as an individual, and Does 1 through 91.

13 ("*Foster IV*").[1]  The *Foster IV* complaint alleges fraud and intentional deceit, intentional

14 misrepresentation of fact, negligent misrepresentation, suppression of fact, Mail Fraud (18 U.S.C.

15 Sec. §1341), Conspiracy to Mail Fraud (18 U.S.C. §§1345, 1349), Wire Fraud (18 U.S.C.

16 §1343), Breach of Fiduciary Duty, Intentional Infliction of Emotional Distress, and Negligent

17 Infliction of Emotional Distress.  In addition, the *Foster IV* complaint purports to seek damages

18 for violation of plaintiffs' civil rights, related to employment discrimination, of which this Court

19 has jurisdiction under 28 U.S.C. §1343.  Defendant SRS was served with a copy of the *Foster IV*

20 complaint on February 11, 2008.

21     On March 12, 2008, defendant SRS filed its Answer to the *Foster IV* complaint with the

22 San Francisco Superior Court.  On this same date, SRS removed the action to the United States

23 District Court, Northern District of California, pursuant to 28 U.S.C. § 1441(b), based upon

24 plaintiff's federal Mail Fraud, Conspiracy to Defraud, and Wire Fraud claims.

25 / / /

26 _____

27 [1] In an effort to avoid confusion, Defendant SRS refers to the instant action as "Foster IV."
In its administrative motion to relate cases, defendant set forth the caption and case number of
three actions previously filed by plaintiff. (Rowe Decl. ¶ 7.)  All four actions have now been

28 related by this court. (Rowe Decl. ¶¶ 8-9.)

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   On March 14, 2008, defendant promptly filed the Notice of Removal with the San

2   Francisco Superior Court, and served a copy on plaintiff.

3   On March 21, 2008, plaintiff filed his motion to remand.

4   **III.    ARGUMENT**

5   A.    **There Is No Procedural Defect In The Removal Process Because Specialty Risk Services Promptly Filed Its Notice of Removal With The State Court**

6

7   Plaintiff relies on 28 U.S.C. § 1446(b) and 1446(d) in support of his argument that the

8   removal process is defective because SRS did not file its Notice of Removal with the state court

9   within the 30-day limit provided under the statute. However, plaintiff misconstrues the statute to

10  mean to that the Notice of Removal must be *filed* with the State Court within 30 days. This is

11  not so. 28 U.S.C. § 1446 provides:

12  (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court *shall file in the district court of the*

13  *United States* for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal

14  Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and

15  orders served upon such defendant or defendants in such action.

16  (b) *The notice of removal of a civil action or proceeding shall be filed within thirty days* after the receipt by the defendant, through service or

17  otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after

18  the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

19  whichever period is shorter. (Emphasis added.)

20  28 U.S.C. § 1446(d) provides:

21  *Promptly after the filing of such notice of removal* of a civil action the defendant or defendants shall give written notice thereof to all adverse

22  parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further

23  unless and until the case is remanded. (Emphasis added.)

24  Courts have held that, pursuant to 28 U.S.C. § 1446(d), a party is not required to file a copy of

25  the notice of removal with the state court within the 30-day time period provided for removal

26  under 28 U.S.C. § 1446(b). *Master Equipment, Inc. v. Home Insurance Company*, 342 F.Supp.

27  549 (E.D.Pa. 1972) (9-day delay in filing petition for removal with the state court did not defeat

28  federal jurisdiction). Indeed, the term "promptly", as used in 28 U.S.C. §1446(d) does not



1    require a party to simultaneously file a copy of the notice of removal with both the state court and

2    the federal district court. *Nixon v. Wheatley*, 368 F.Supp.2d 635 (E.D. Texas 2005) (citing

3    *Manufacturers and Traders Trust Company v. Hartford Accident and Indemnity Company*, 434

4    F.Supp. 1053 (W.D.N.Y. 1977). See also *Whitney v. Wal-Mart Stores, Inc.*, No. Civ. 04-38-P-H,

5    2004 WL 1941345, at *1 (D.Me. Aug. 31, 2004) (six-month delay in filing copy of the notice of

6    removal in state court did not thwart the purpose of the removal statute); *Parker v. Malone*, No.

7    Civ. A. 7:03CV00742, 2004 WL 190430, at *1 (W.D. Va. Jan.15, 2004) (twenty-two day delay

8    in notifying the state court clerk of removal was sufficiently prompt and did not upset any

9    statutory purpose.)[2] Moreover, failure to file a copy of the petition with the state court does not

10   defeat jurisdiction. *Dukes v. South Carolina Insurance Company*, 770 F.2d 545 (5th Cir. 1985).

11          In the instant action, SRS timely filed its Notice of Removal with the district court on

12   March 12, 2008. (Rowe Decl. ¶ 5) SRS then *promptly* filed its Notice of Removal with the State

13   court two days later, on March 14, 2008, and served a copy of the same on plaintiff. (Rowe Decl.

14   ¶ 6.)

15          The statute governing the time to file the Notice of Removal with the state court merely

16   provides that the notice must be filed "promptly." It does not require that the Notice of Removal

17   be filed simultaneously in both the federal and state courts, nor does it explicitly require that the

18   Notice of Removal be filed with the state court within the 30-day removal period, unlike the

19   requirement of 28 U.S.C. 1446(b), which specifically sets forth a 30-day period for filing a

20   Notice of Removal with the federal court. Here, SRS timely filed its notice with the federal

21   court, and a mere two days later, SRS filed its notice with the state court. SRS acted promptly

22   within the meaning of the statute, and there is no procedural defect in the removal of the action to

23   federal court.

24

25   _____

26   [2] Although unreported, this Court has previously rendered its own decision finding that the
     thirty day requirement of Section 1446(d) applies only to the filing in federal court, and that a
     failure to promptly file the notice of removal in state court does not divest the federal court of
27   jurisdiction. Rather, the requirement is merely procedural. See *Shanks v. Northern California
     Cement Masons Joint Apprenticeship Training Committee*, No. C-93-0609 MHP (1993)
28   (unreported), a true and correct copy of which is attached to the Appendix as Exhibit A.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1

**B.      A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28 U.S.C. Section 1441(b)**

2

3      Plaintiff's contentions that his federal mail fraud, conspiracy to defraud, and wire fraud

4    claims do not give rise to a substantial federal question, and that he does not seek remedy under

5    federal law, are unsupported by the actual plain language of his complaint.  Plaintiff's Second

6    Cause of Action is predicated on mail fraud under 18 U.S.C. § 1341.  Plaintiff's Third Cause of

7    Action is predicated on Conspiracy to Defraud, under 18 U.S.C. §§ 1345, 1349.  Finally,

8    Plaintiff's Fourth Cause of Action is predicated on Wire Fraud, under 18 U.S.C. § 1343.

9      To determine the existence of a federal question, courts look to the face of the complaint

10   for allegations that render a cause of action one that "arises under federal law." *Sparta Surgical*

11   *Corp. v. NASD*, 159 F.3d 1209, 1211 (9th Cir. 1998).

12     Plaintiff's "Second Cause of Action," entitled "Mail Fraud 18 U.S.C. Section 1341"

13   alleges "Defendants mailed to Plaintiff by way of his Worker's Compensation Attorney Mary

14   Lou Williams, the voluntary agreement, which was the execution of a scheme to defraud

15   plaintiff."  Plaintiff then sets forth the language of Title 18, Section 1341 Frauds and Swindles.[3]

16   Plaintiff further alleges "Upon Defendants placing the Voluntary Resignation Agreement in the

17   Post Office for Mail matter to be sent by the Postal Serve [sic], the Defendants committed Mail

18   Fraud." (Foster Decl., Ex. 1, pp. 18-19.)  Clearly, plaintiff has predicated his second cause of

19   action solely upon defendant's alleged violation of federal law.  Consequently, the complaint

20   raises a claim that is "necessarily federal in character," and one where the "right to relief depends

21

22     [3] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for
obtaining money or property by means of false or fraudulent pretenses, representations, or

23   promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or
procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or

24   anything represented to be or intimated or held out to be such counterfeit or spurious article, for
the purpose of executing such scheme or artifice or attempting so to do, places in any post office

25   or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by
the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent

26   or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any
such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the

27   direction thereon, or at the place at which it is directed to be delivered by the person to whom it
is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than

28   20 years, or both."

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    on the resolution of a substantial, disputed federal question." *See Hermanson v. Salomon Smith*

2    *Barney*, 266 F.Supp.2d 1208, 1211 (S.D. Cal. 2003) ; *see also Weaver v. Florida Power & Light*

3    *Co.*, 172 F.3d 771 (11th Cir. 1999) (holding that "because [plaintiff's] complaint was based in

4    part on the federal Americans with Disabilities Act, the lawsuit raised a federal question and

5    removal pursuant to 28 U.S.C. Section 1441 was therefore proper").

6         Plaintiff's "Third Cause of Action," entitled "Conspiracy to Defraud, 18 U.S.C. Sections

7    1345 and 1349"[4] alleges that "[B]etween March 9, 2007 and May 1, 2007, Defendants and

8    members of Aramark's Management conspired to defraud plaintiff by attempting to cover-up a

9    "would be" Disability Discrimination Claim and a wrongful termination claim pursuant to the

10   ADA, the UNRUH and the FEHA." Plaintiff also alleges that "Aramark's managers conspired

11   with defendants to submit and offer the Voluntary Resignation Agreement to plaintiff," and that

12   "Defendants conspiring to defraud plaintiff violated California Civil Codes 1709, 1710 and 1572

13   and 18 U.S.C. Section 1345, and 1349." (Foster Decl., Exh. 1, p. 21, ¶¶ 65-68.) Although this

14   cause of action does not name either defendant in the instant action, it is clear from the language

15   that plaintiff is asserting a federal cause of action for conspiracy to commit mail fraud, pursuant

16   to 18 U.S.C. §§ 1345, 1349.

17        Plaintiff's "Fourth Cause of Action," entitled "Wire Fraud 18 U.S.C. Section 1343"[5]

18   alleges that "[B]etween March 9, 2007 and May 2, 2007, Defendants and members of Aramrk

19   Management utilized emails, the telephone or by fax to further their Scheme to defraud Plaintiff

20   by attempting to cover-up a "would be" disability discrimination claim and wrongful termination

21   Claim pursuant to the ADA, the UNRUH and FEHA." Plaintiff further alleges that "between

22   March 9, 2007 an May 2, 2007, Defendants and members of Management of Aramark conspired

23

24        [4] This cause of action contains no allegations against defendant SRS, only against Aramark,
     plaintiff's former employer. Aramark is a defendant in *Foster I* and *Foster III*, earlier cases filed
25   by plaintiff, which this Court has since related to the instant action. (Rowe Decl., ¶¶ 8-9.)
          [5] This cause of action contains no allegations against defendant SRS or Devine. Rather, it
26   names Aramark, plaintiff's former employer, Gray & Prouty, whom Hartford is informed and
     believes to be workers' compensation counsel for Aramark, and "Morgan & Lewis," whom
27   Hartford is informed and believes to be Aramark's counsel in three earlier cases filed by plaintiff,
     *Foster I, Foster II,* and *Foster III*, all of which this Court has related to the instant action. (Rowe
28   Decl., ¶¶ 8-9.)

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   with defendants Gray & Prouty and Morgan & Lewis to submit the offer to plaintiff in the form

2   of the agreement," that "Defendant's use of the [these] methods of Communication to defraud

3   plaintiff violated California Civil Codes 1709, 1710 and 18 U.S.C. Section 1343," and that

4   "Plaintiff was subjected to … WIRE FRAUD." (Foster Decl., Exh. 1, pp. 22-23, ¶¶72-74.)

5   Again, this cause of action does not name either defendant in the instant action (SRS or Devine),

6   although it is clear from the language that plaintiff is asserting a federal cause of action for wire

7   fraud pursuant to 18 U.S.C. Section 1343.

8          Plaintiff relies on *Karambelas v. Hughes Aircraft,* 992 F.2d 971, 974 (9th Cir. 1993),

9   quoting the following language from that case: "[A defendant] cannot merely by injecting a

10  federal question into an action that asserts what is plainly a state-law claim, transform the action

11  into one arising under federal law, thereby selecting the forum in which the claim shall be

12  litigated." In *Karembalas*, however, the plaintiff's complaint for wrongful termination did not

13  plead a federal cause of action, resulting in the court's conclusion that removal was improper.

14  The holding in *Karembalas* is inapposite to the present case, because plaintiff's second cause of

15  Action specifically pleads *only* federal claims under 28 U.S.C. §1341. Moreover, Plaintiff's third

16  and fourth causes of action, while making reference to California Code of Civil Procedure, also

17  specifically plead federal claims under 28 U.S.C. §§ 1343, 1345 and 1349.

18         C.    **This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's
               Remaining State Law Claims Because They Arise Out Of The Same Nucleus
19             Of Operative Facts**

20

21         A district court has discretion to exercise supplemental jurisdiction over state law claims

22  "that are so related to claims in the action within such original jurisdiction that they form part of

23  the same case or controversy." 28 U.S.C. § 1367(a). State claims are considered part of the

24  same case or controversy if "there is a substantial federal claim arising out of a common nucleus

25  of operative fact." *Trs. Of the Constr. Indus. And Laborers Health and Welfare Trust v. Desert*

26  *Valley Landscape and Maint., Inc.*, 333 F.3d 923, 925 (9th Cir.) 2003.

27         Here, *all* of Plaintiff's claims stem from the same basic set of operate facts. Plaintiff's

28  federal claims for mail fraud, conspiracy to defraud, and wire fraud, as well as his seven

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    remaining state causes of action, arise out of plaintiff's earlier federal ADA claim, set forth in

2    *Foster I*. Plaintiff's claims in *Foster I* involved his brief employment with, and termination

3    from, his employer Aramark Sports, LLC ("Aramark"). The alleged series of events upon which

4    plaintiff's claims in *Foster I* are based all took place within the same four month period – from

5    February to June, 2006. Plaintiff's state law claims are based upon his contention that his

6    employer constructively discharged him. Specifically, in March 2006, plaintiff took a leave of

7    absence allegedly due to work related stress caused by two of Aramark's supervisor/managers.

8    (Foster Decl., Exh. 1, p. 5, ¶ 10.) Plaintiff later claimed he could not return from his leave of

9    absence and was constructively discharged. It is this leave of absence, and ARAMARK's

10   decision to terminate Plaintiff's employment when he failed to return from the leave of absence,

11   which for the basis of Plaintiff's federal ADA claim, and now plaintiff's federal mail fraud,

12   conspiracy to defraud and wire fraud claims. All ten of Plaintiff's causes of action arise out of

13   the same narrow set of facts. Moreover, plaintiff's claims do not involve "a novel or complex

14   issue of State law." 28 U.S.C. § 1367(c)(1). Accordingly, this Court should exercise

15   supplemental jurisdiction over all of Plaintiff's claims because of the significant common

16   nucleus of operative facts which exist between the substantial federal question raised by

17   Plaintiff's federal mail fraud, conspiracy to defraud, and wire fraud claims, and Plaintiff's

18   remaining state law claims.

19       **D.    Plaintiff May Not Avoid Federal Jurisdiction By Threatening to Dismiss His Federal Cause of Action After Removal**

20

21       Plaintiff alleges he can "easily sever or dismiss his perceived claims for mail fraud, wire

22   fraud and conspiracy" and seek relief under from the state court for "fraud and intentional

23   deceit." However, plaintiff has not filed a notice of dismissal of his federal mail fraud,

24   conspiracy or wire fraud claims. Moreover, plaintiff may not avoid federal jurisdiction simply by

25   dismissing his federal mail fraud, conspiracy, and wire fraud claims. A federal court has "the

26   power to hear claims that would not be independently removable even after the basis for removal

27   jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203,

28   205 (9th Cir. 1991); *see also Sparta*, 59 F.3d 1209. 1213 (9th Cir. 1998) (holding that he district

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    court properly denied the motion to remand made soon after removal, although plaintiff amended

2    complaint to delete references to federal claim).  A plaintiff may not compel remand by

3    amending a complaint to eliminate the federal question upon which removal was based.  *Sparta*,

4    159 F.3d at 1213; *cf. Carnegie-Mellon University v. Cahill*, 484 U.S. 343, 357  (1988) (stating

5    that a district court can consider whether the plaintiff has engaged in manipulative tactics, such

6    as manipulating the forum by deleting all federal-law claims from the complaint and requesting

7    remand).  Rather, jurisdiction must be analyzed on the basis of pleadings filed at the time of

8    removal without reference to subsequent amendments.  *Sparta* 159 F.3d at 1213.  It is "generally

9    within a district court's discretion to either retain jurisdiction to adjudicate the pendent state

10   claims or to remand them to state court."  *Harrell* at 205; *see also, Mackey v. Pioneer Nat. Bank*,

11   867 F.2d 520, 523 (9th Cir. 1989) .

12         This litigation is properly in federal court based on plaintiff's federal mail fraud,

13   conspiracy to defraud, and wire fraud claims, arising out of plaintiff's original federal ADA

14   claim, all of which were pled in plaintiff's complaint prior to removal.  *See Stender v. Lucky*

15   *Stores*, 766 F.Supp. 830, 833  (N.D. Cal. 1991) (stating that if plaintiffs bring combined state and

16   federal civil rights claims in state court, the defendant may remove to federal court based upon

17   federal question jurisdiction).  If plaintiff had wanted to avoid federal jurisdiction, he should not

18   have included these federal claims in his complaint.

19         While plaintiff states that he is "the master of his complaint and may avoid federal

20   jurisdiction by exclusive reliance on state law," plaintiff cites as authority for this proposition

21   *Easton v. Crossland Mortgage Company*, 114 F.3d 979 (9th Cir. 1997) , a case with facts

22   unrelated to the present case.  In *Easton*, the plaintiff had merely made reference to a federal

23   claim in his complaint, without pleading a distinct federal claim, and it was upon this mere

24   reference to a federal claim that defendant sought to remove the case to federal court based on

25   the federal question jurisdiction.  In the present case, however, plaintiff pled three separate

26   federal causes of action based upon defendant's alleged violations of the federal mail fraud,

27   conspiracy to defraud, and wire fraud statutes.

28         While plaintiff is correct that "the party who brings the suit is mater to decide what law

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1  he will rely upon, here plaintiff *chose to rely upon federal statutes* – 18 U.S.C. §§ 1341, 1343,

2  1345, and 1349 – in seeking to hold defendant liable. *Caterpillar Inc. v. Williams* (1987) 482

3  U.S. 386, 392.

E.     **Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite**

1.     **Plaintiff's Mail Fraud, Conspiracy, and Wire Fraud Claims Are Not Elements Of Any State Cause Of Action Pled In Plaintiff's Complaint**

7          Plaintiff alleges that the "mail fraud, wire fraud and conspiracy are only an appendage to

8  the acts of fraud and intentional deceit." Foster Memo P&A 14:8-9. He further alleges that his

9  "references to mail fraud wire fraud and conspiracy is an element of his state cause of action and

10  therefore does not state a claim "arising under the Constitution, laws, or treaties of the United

11  States within the meaning of 28 U.S.C. 1331." Foster Memo P&A 17:9-11. Plaintiff cites as

12  authority for this proposition *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 766 F.2d 1006

13  (6th Cir. 1985). Plaintiff has interpreted *Merrell* out of context. The plaintiff in Merrell referred

14  to a federal cause of action – under the Food, Drug and Cosmetic Act ("FDCA") -- as one

15  available criterion for determining whether Merrell Dow was negligent. *Merrill* involved the

16  question of whether removal was proper if the action alleged in part that the alleged FDCA

17  violation constituted a rebuttable presumption of negligence. That situation is completely

18  different from the instant case, where plaintiff has alleged there separate and independent federal

19  law claims under which he seeks to hold SRS liable and recover monetary damages.

2.     **No Issue of Preemption Exists In the Present Case**

21         Plaintiff contends that this Court does not have jurisdiction over this action because his

22  "state claim" (he does not identify the specific state law claim to which he is referring) is not

23  preempted by federal law. Foster Memo P&A 16:7-9. Plaintiff quotes *Wayne v. DHL*

24  *Worldwide Express*, 294 F.3d 1179 (9th Cir. 2002) to support this assertion. The *Wayne* case has

25  no bearing here, because SRS does not contend that plaintiff's mail fraud, conspiracy or wire

26  fraud claims preempts any of his state law causes of action. Rather, plaintiff has pled these

27  federal claims which are sufficient to establish federal jurisdiction.

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    **3.    Plaintiff's Complaint Could Have Been Brought Originally In Federal Court Pursuant To 28 U.S.C. Sections 1341, 1343, 1345 and 1349**

2

3    Plaintiff contends that because his complaint, filed in February, 2008, did not plead a

4    federal claim, the present case cannot be properly removed to federal court. None of the cases

5    cited by plaintiff supports his contention. Because the complaint contains claims "arising under

6    the law of the United States," as discussed *supra*, the present action is one over which this Court

7    has original jurisdiction pursuant to 28 U.S.C. Section 1331.

8    **IV.    CONCLUSION**

9    SRS promptly filed its Notice of Removal with the state court and there is no procedural

10    defect in the removal process. Moreover, by pleading as separate and independent claims that

11    SRS violated the federal mail fraud, conspiracy to defraud, and wire fraud laws, pursuant to 28

12    U.S.C. §§ 1341, 1343, 1345, and 1349, plaintiff alleges claims "arising under the laws of the

13    United States." The applicable case law supports this Court's exercising supplemental

14    jurisdiction over plaintiff's state law claims because they are so related to the mail fraud,

15    conspiracy to defraud, and wire fraud claims, which form part of the same controversy. Federal

16    court jurisdiction is thus proper, and the court should deny plaintiff's motion to remand.

17

18    DATED: April 7, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

19

20

21    By:_____
        Julia Molander
        Dean J. McElroy
22      Lisa G. Rowe
        Attorneys for Defendant
23      SPECIALTY RISK SERVICES

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP    28

# Exhibit A

Westlaw.

Not Reported in F.Supp.                                                                        Page 1
Not Reported in F.Supp., 1993 WL 150273 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

**H**Shanks v. Northern California Cement Masons Joint Apprenticeship Training Committee
N.D.Cal.,1993.
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
Arthur SHANKS, Plaintiff,
v.
NORTHERN CALIFORNIA CEMENT MASONS JOINT APPRENTICESHIP TRAINING COMMITTEE, et al., Defendants.
**No. C-93-0609 MHP.**

April 29, 1993.

MEMORANDUM AND ORDER

PATEL, District Judge.
**\*1** On October 13, 1992, plaintiff Arthur Shanks ("Shanks") filed this action for wrongful termination and race discrimination, breach of the duty of fair representation, defamation, breach of contract and breach of the implied covenant of good faith and fair dealing against defendants in Alameda County Superior Court. Shortly after service of process upon them, and pursuant to 28 U.S.C. § 1441(b), defendants removed the action to this court on February 18, 1993. The matter is now before the court on Shanks' motion to remand to state court. Having considered the arguments and submissions of the parties, and for the reasons stated below, the motion to remand is DENIED. Further, each party shall bear its own costs and attorneys' fees.

BACKGROUND

In his *pro se* complaint before the Alameda County Superior Court, Shanks, who is now represented by counsel, alleges a number of causes of action. As a first cause of action, he alleges that defendant Northern California Cement Masons Joint Apprenticeship and Training Committee ("the Committee"),[FN1] for whom Shanks worked as an Instructor/Coordinator, wrongfully terminated him because of his African-American race. Complaint at 3. Secondly, he alleges that defendant Cement Masons Union Local 594 ("the Union"), of which Shanks was a member, breached its duty of fair

representation to him by refusing to represent him in grieving his termination by the Committee. *Id.* at 4. Third, Shanks alleges that all defendants, including the individual named defendants, defamed him by either making or encouraging false and damaging statements about him. *Id.* at 5. Fifth, Shanks alleges that the Union breached the "union contract" by refusing to fairly represent him when he was terminated "without notice or just cause." *Id.* at 6. Finally, he also alleges that the Union breached the implied covenant of good faith and fair dealing in "collecting statements from individuals, following my termination and without allowing me an opportunity to respond, when such statements were false and intended to injure my reputation." *Id.* at 6.

As noted above, defendants filed a Notice of Removal in this court on February 18, 1993. On the same date, counsel for defendants, Van Bourg, Weinberg, Roger & Rosenfeld ("Van Bourg"), also mailed a Notice of Removal to the state court for filing. Dovi Dec. ¶ 2. However, the state court did not file the Notice because the proper filing fee was not submitted. *Id.* When Van Bourg learned of its error from the state court on March 9, 1993, it sent another Notice of Removal and a filing fee in the amount of $182.00. *Id.* ¶ 3. The state court also refused to file that Notice because filing fees for all defendants were not included. *Id.* Thereafter, Van Bourg sent the Notice of Removal for the third time to the state court, that time with an additional $1,072 to complete the required filing fee and the state court then filed the Notice. *Id.* ¶ 4.[FN2]

LEGAL STANDARDS

**\*2** At any time prior to final judgment, a federal court may remand a removed action to state court for defects in removal procedures or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). As long as federal jurisdiction exists, federal courts have considerable discretion to retain removed cases, even if procedural defects existed in the removal. *See Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980); *CBS, Inc. v. Snyder,* 762 F.Supp. 71 (S.D.N.Y.1991); W. Schwarzer, A. Tashima & J. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* §§ 2:995 & 2:1099 (1992).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                Page 2
Not Reported in F.Supp., 1993 WL 150273 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

A removed suit may remain in federal court only if the federal court's subject matter jurisdiction would have permitted the suit to be brought there in the first place. *See* 28 U.S.C. § 1441(a); *Jackson v. Southern California Gas Co.,* 881 F.2d 638, 641 (9th Cir.1989). Under the "well pleaded complaint" rule, "the plaintiff [is] the master of the claim" and he or she may avoid removal based on federal question jurisdiction "by exclusive reliance on state law" in the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). However, in certain areas of federal law, particularly when defendants invoke the provisions of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "complete preemption" applies and an ordinary state common-law complaint may be converted into one stating a federal claim. *Caterpillar,* 482 U.S. at 393; *Jackson,* 881 F.2d at 641. Thus, any "[s]uits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185(a), are preempted by Section 301 and may be removed to federal court, despite the fact that state laws may provide independent causes of action in the absence of Section 301. *Jackson,* 881 F.2d at 642.

*DISCUSSION*

Shanks contends that defendants' removal of his state court action was improvident on two grounds: that, under 28 U.S.C. § 1446, defendants' failure to timely file their Notice of Removal in the state court precludes them from proceeding in federal court; and, that none of Shanks' claims is preempted by Section 301. Pursuant to 28 U.S.C. § 1447(c), Shanks also moves for his costs and attorneys fees incurred as a result of removal. Defendants argue that Shanks' motion to remand is frivolous and "request", but do not formally move, for sanctions under Federal Rule of Civil Procedure 11.

I. *Defect in Removal Procedure*

28 U.S.C 1446(b) requires that a notice of removal be filed in federal court within thirty days of service of process upon defendants. The statute also provides that "promptly after filing" of the notice of removal in federal court, defendants shall file a copy of the notice of removal in the state court. 28 U.S.C. § 1446(d). However, the statute does not define "promptly". Nevertheless, Shanks argues that

because defendants failed to file a copy of their Notice of Removal with the state court within thirty days of service of process, the removal was ineffective.

*3 It is undisputed that defendants did not file a copy of the Notice of Removal in Alameda County Superior Court until almost two months after it was filed in this court. This may amount to a violation of the procedural requirements of 28 U.S.C. 1446(d). However, "promptly", as used in the statute, does not mean simultaneously. *Manufacturers and Traders Trust v. Hartford,* 434 F.Supp. 1053, 1055 (W.D.N.Y.1977). The thirty day requirement of Section 1446(b) applies only to the filing in federal court. A failure to "promptly" file the notice of removal in state court does not divest the federal court of jurisdiction. This requirement is merely procedural. *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 547 (5th Cir.1985).

Defendants' counsel attempted, albeit negligently, to file the Notice of Removal with the state court soon after they filed it in this court; it appears that they have finally succeeded in filing it. These efforts, combined with this court's clear subject matter jurisdiction over this action, as explained below, persuade the court to retain jurisdiction despite the arguable procedural defects in defendants' state court filing.

Shanks points out that the Alameda County court ordered him to show cause why he should not be sanctioned for failure to comply with its rules for service of process within the specified time period. Shanks Dec. ¶ 2. Presumably, this order would not have been entered had defendants promptly filed a copy of the Notice of Removal in Alameda County and that court had withdrawn its jurisdiction. However, this is hardly enough to require remand of this action. Shanks has not in fact been sanctioned. Nor is there any other indication that he would otherwise be prejudiced unfairly by pursuing this action in federal court.

II. *Subject Matter Jurisdiction: Section 301 Preemption*

Shanks' claim that none of his state causes of action is preempted by Section 301 is contrary to all governing authority. The lynchpin of whether a state

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 150273 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

law cause of action is preempted by Section 301 is whether resolution of that claim "require[s] interpretation of a collective bargaining agreement ... [or] depend[s] substantially upon analysis of a collective bargaining agreement's terms." *Jackson, 881 F.2d at 643* (citing *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 339 (1988) and *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985)). Shanks does not deny that a collective bargaining agreement governed his employment by the Council and his membership in the Union, but argues that his claims do not require interpretation of that agreement.

Shanks' claims of racially discriminatory wrongful termination against the Committee and of defamation against all defendants are tort claims which do not require interpretation of the collective bargaining agreement and are therefore not preempted. *See Jackson, 881 F.2d at 643-45.* However, his claims of breach of the duty of fair representation, breach of contract and breach of the implied covenant of good faith and fair dealing against the Union-both on their face and as a matter of law-all require interpretation of the collective bargaining agreement and are preempted by Section 301. *See Perugini v. Safeway Stores, Inc.,* 935 F.2d 1083, 1086-87 (9th Cir.1991) (duty of fair representation claims preempted by Section 301); *Jackson, 881 F.2d at 643-45* (breach of contract and breach of implied covenant of good faith and fair dealing claims preempted by Section 301).

**\*4** Therefore, this court has original jurisdiction under Section 301 over Shanks' breach of duty of fair representation, breach of contract and breach of implied covenant of good faith and fair dealing claims. Moreover, under 28 U.S.C. § 1367(a), the court has supplemental jurisdiction over Shanks' discrimination and defamation claims. Since all of Shanks' claims arise from a "common nucleus of operative fact"-specifically, the events leading up to and surrounding Shanks' alleged wrongful termination-his defamation and discrimination claims are sufficiently related to his preempted claims to support the court's supplemental jurisdiction over them. *See Jackson, 881 F.2d at 642.* All of the claims in the complaint could accordingly have originally been brought in this federal court. Therefore, the court has the requisite subject matter jurisdiction to support removal of the instant action. *See* 28 U.S.C. § 1441(a) & (b).

Defendants have availed themselves of their statutory right to remove this action to federal court. The court may remand only if the action was removed "improvidently and without jurisdiction." 28 U.S.C. § 1447(c). That was not the case here.

III. *Costs, Fees and Sanctions*

Because the court denies Shanks' motion to remand, his request for costs and attorneys' fees is also denied.

In addition, the court will not impose sanctions against Shanks or his attorney under Rule 11. First, defendants have not filed and supported a motion for sanctions, as required by Rule 11, but merely "requested" that sanctions be imposed. Secondly, Shanks' motion to remand does not appear to have been made frivolously, vexatiously or in bad faith. While the argument that none of Shanks' claims is preempted is close to being frivolous, Shank's timeliness argument, while unconvincing, is adequately grounded in fact and warranted by existing law.

IV. *Federal Pleading Format*

The original complaint on file in this action is a California Judicial Council form complaint. This form does not comply with the pleading requirements of this court. Therefore, within the time ordered below, Shanks shall file an amended complaint that complies with the requirements of Federal Rule of Civil Procedure 8 and Northern District of California Local Rule 120-1.

CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is hereby DENIED. The parties shall each bear their costs and attorneys' fees. Defendants' "request" for sanctions is DENIED. Within twenty (20) days of the entry of this order, plaintiff shall file and serve an amended complaint complying in every respect with the federal pleading rules cited above.

IT IS SO ORDERED.

> FN1. The Committee is referred to in the state court complaint as the "Council".

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                        Page 4
Not Reported in F.Supp., 1993 WL 150273 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

> FN2. Plaintiff does not complain of untimely filing of the Notice of Removal in this court, and it appears from Exhibit A to the Mendelson Declaration that the Notice was filed here within thirty days after service of process in the state court action.

N.D.Cal.,1993.
Shanks v. Northern California Cement Masons Joint Apprenticeship Training Committee
Not Reported in F.Supp., 1993 WL 150273 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.