1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JULIA MOLANDER  Bar No. 83839
2  julia.molander@sdma.com
   DEAN J. MCELROY  Bar No. 213132
3  dean.mcelroy@sdma.com
   LISA G. ROWE  Bar No. 232601
4  lisa.rowe@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
7
   Attorneys for Defendant
8  SPECIALTY RISK SERVICES

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  MARK ANTOINE FOSTER,                    CASE NO. CV 08-01421 MHP

12           Plaintiff,                     **DECLARATION OF LISA G. ROWE IN
                                            SUPPORT OF DEFENDANT SPECIALTY
13           v.                             RISK SERVICES' OPPOSITION TO
                                            MOTION TO REMAND**
14  SPECIALTY RISK SERVICES, and
    GRETCHEN *DEVINE,* as an individual,    JUDGE:  HON. MARILYN HALL PATEL
15  and DOES 1 through 91,                  DEPT:   COURTROOM 15, 18TH FLOOR
                                            DATE:   APRIL 28, 2008
16           Defendants.                    TIME:   2:00 P.M.

17

18

19       I, Lisa G. Rowe, declare:

20       1.      I am an attorney admitted to practice before this Court and before all the courts of

21  the State of California. I am a member of the law firm of Sedgwick, Detert, Moran & Arnold

22  LLP, attorneys of record for defendant Specialty Risk Services ("SRS"). I make this declaration

23  in support of Defendant SRS' Opposition to Motion To Remand. The matters stated herein are

24  within my personal knowledge and, if called upon to do so, I could and would testify thereto.

25       2.      On January 31, 2008, the defendants in an action titled *Foster v. Aramark Sports

26  & Entertainment, Inc., Ying Kee McVicker, an individual, Matthew Lee, an individual, and

27  DOES 1 through 51*, Case No. 3:08-cv-00733-MHP ("*Foster I*"), removed said action to this

28  Court and it was assigned to Hon. Marilyn Hall Patel.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    3.    On March 7, 2008, an action titled *Foster v. Aramark Sports LLC, and Aramark*

2    *Corporation, and DOES 1 through 73*, Case No. 3:08-cv-01336-EMC ("*Foster II*"), was

3    removed to this Court and assigned to Hon. Phyllis J. Hamilton.

4    4.    On March 7, 2008, an action titled *Foster v. Morgan Lewis & Bockius, LLP, and*

5    *Eric Meckley, as an Individual, and DOES 1 through 81*, Case No. 3:08-cv-01337-EDL ("*Foster*

6    *III*"), was removed to this Court and assigned to Magistrate Judge Elizabeth D. Laporte.

7    5.    On March 12, 2008, defendant SRS timely removed an action titled *Foster v.*

8    *Specialty Risk Services and Gretchen Devine, as an Individual, and DOES 1 through 91*, Case

9    No. 4:08-cv-01421-SBA ("*Foster IV*"), to this Court and it was assigned to Hon. Saundra Brown

10    Armstrong.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit 1.

11    6.    On March 16, 2008, defendant SRS promptly filed its Notice To Plaintiff Mark

12    Antoine Foster And To The Clerk Of The Superior Court Of The State Of California, County Of

13    San Francisco, Of Filing Of Notice Of Removal Of Civil Action With The United States District

14    Court For The Northern District Of California.  A true and correct copy is attached hereto as

15    Exhibit 2.

16    7.    On March 19, 2008, defendant SRS filed an Administrative Motion to Relate

17    Cases.  A true and correct copy is attached hereto ad Exhibit 3.

18    8.    On March 19, 2008 this Court related the *Foster II* and *Foster III* actions to the

19    *Foster I* action.  A true and correct copy of the Court's orders are attached hereto as Exhibit 4.

20    9.    On March 26, 2008, this Court issued an order relating the *Foster IV* action to the

21    *Foster I* action.  A true and correct copy of the Court's order is attached hereto as Exhibit 5.

22    I declare under penalty of perjury under the laws of the United States that the foregoing is

23    true and correct, and that this declaration was executed at San Francisco, California, on April 7,

24    2008.

25

26    Lisa G. Rowe

27

28

**Exhibit 1**



1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JULIA MOLANDER  Bar No. 83839
2  julia.molander@sdma.com
   DEAN J. MCELROY  Bar No. 213132
3  dean.mcelroy@sdma.com
   LISA G. ROWE  Bar No. 232601
4  lisa.rowe@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635

7

8  Attorneys for Defendant
   SPECIALTY RISK SERVICES

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12
   MARK ANTOINE FOSTER,                    CASE NO.
13
              Plaintiff,                   NOTICE OF REMOVAL OF ACTION
14                                          UNDER 28 U.S.C. §1441(b)
         v.                                 (FEDERAL QUESTION)
15
   SPECIALTY RISK SERVICES, and            [Originally San Francisco County Superior
16  GRETCHEN DEVINE, as an individual,     Court, Case No. CGC-08-471939]
   and DOES 1 through 91,
17
              Defendants.
18

19

20
       TO THE CLERK OF THE ABOVE-ENTITLED COURT:
21
          PLEASE TAKE NOTICE that defendant SPECIALTY RISK SERVICES hereby
22
   removes to this Court the state court action described below.
23
          1.  On February 7, 2008, plaintiff Mark Antoine Foster filed a complaint in the Superior
24
   Court of California, County of San Francisco, bearing case number CGC-08-471939, naming as
25
   defendants Specialty Risk Services, Gretchen Devine, as an individual, and Does 1 through 91.
26
   The complaint alleges fraud and intentional deceit, intentional misrepresentation of fact,
27
   negligent misrepresentation, suppression of fact, mail fraud (18 U.S.C. Sec. §1341), Conspiracy
28
   to Mail Fraud (18 U.S.C. §§1345, 1349), Wire Fraud (18 U.S.C. §1343), breach of Fiduciary

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1493275v1                              -1-                              CASE NO.

1   Duty, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

2   In addition, the complaint purports to seek damages for violation of plaintiffs' civil rights, related

3   to employment discrimination, of which this Court has jurisdiction under 28 U.S.C. §1343.

4       2.  Defendant Specialty Risk Services was served with a copy of the complaint on

5   February 11, 2008.  True and correct copies of all documents received by Specialty Risk Services

6   are attached hereto.  These documents consist of the summons (attached as Exhibit A), the

7   complaint (attached as Exhibit B), and the proof of service of summons (attached as Exhibit C).

8       3.  Defendant Specialty Risk Services filed its Answer to the complaint with the San

9   Francisco Superior Court on March 12, 2008.  A file-endorsed copy of the Answer is attached

10   hereto as Exhibit D.

11       4.  This action is a civil action of which this Court has original jurisdiction under 28

12   U.S.C. §1331, and is one which may be removed to this Court by defendant, pursuant to the

13   provisions of 28 U.S.C. §1441(b) in that it arises under 18 U.S.C. §§ 1341, 1343, 1345, and

14   1349, and 28 U.S.C. 1343.

15       5.  Defendant Gretchen Devine has not yet been properly served in the state court action

16   and, therefore, removal is proper.

17       WHEREFORE, defendant SPECIALTY RISK SERVICES further gives notice that the

18   above-entitled action, now pending against it in the Superior Court for the State of California,

19   County of San Francisco, has been removed therefrom to this Court on the grounds of federal

20   question.

21   DATED: March 12, 2008      SEDGWICK, DETERT, MORAN & ARNOLD LLP

22

23                       By: _____

24                         Julia Molander

                              Dean J. McElroy

25                         Lisa G. Rowe

                              Attorneys for Defendant

26                         SPECIALTY RISK SERVICES

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:** Speciality Risk Services
**(AVISO AL DEMANDADO):** And Gretchen Devine
as an Individual And
Does 1. through 91

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MARK ANTOINE FOSTER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: SUPERIOR COURT
(El nombre y dirección de la corte es): 100 MCALLISTER STREET RM 103
SAN FRANCISCO CA 94102

CASE NUMBER
(Número del Caso): CGC-08-471939

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
MARK A. Foster    415-750-1611
200 Corpus Cristie Rd #A
Alameda Ca 94502

Gordon Park-Li    D. STEPPE

DATE: FEB 07 2008    Clerk, by _____, Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

**Exhibit B**

1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, CA 94502
   (415) 756-1611
3

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10                   CIVIL UNLIMITED JURISDICTION

11                                    **COMPLAINT FOR DAMAGES FOR**
                                      **CIVIL RIGHTS (related to**
12 MARK ANTOINE FOSTER,               **Employment discrimination)**
                                       1. **Fraud and Intentional Deceit**
13      Plaintiff,                     2. **Intentional Misrepresentation of**
                                          **Fact**
14      vs.                            3. **Negligent Misrepresentation**
                                       4. **Suppression of Fact**
15 SPECIALTY RISK SERVICES, AND        5. **Mail Fraud (18 U.S.C. Sec. §1341)**
   GRETCHEN DEVINE, as an individual,  6. **Conspiracy to Mail Fraud (18**
16 and DOES 1 through                     **U.S.C. Sec. §1345, §1349)**
   91                                  7. **Wire Fraud (18 U.S.C. Sec.**
17      Defendants                        **§1343)**
                                       8. **Breach of Fiduciary Duty**
18 _____/        9. **Intentional Infliction of**
                                          **Emotional Distress**
19                                     10. **Negligent Infliction of Emotional**
                                          **Distress**
20                    INTRODUCTION

21      This case is brought against defendants pursuant to

22 California Codes of Civil Procedure §1709, §1710 and §1572 for

23 committing acts that constitute fraud and intentional deceit,

24 mail fraud and wire fraud and conspiracy to defraud. Defendant

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    1

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 07 2008

GORDON PARK-LI, Clerk
BY:_____ DEBORAH STEPPE
                    Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUL 1 1 2008 .9ºº AM

DEPARTMENT 212

CGC-08-471939

1   SPECIALTY RISK SERVICES and its employee GRETCHEN DEVINE

2   conspired with their clients Aramark Sports, L.L.C. and Aramark

3   Corporation to defraud plaintiff of his disability

4   discrimination claim against defendant Aramark Corporation. The

5   acts were committed to shield their client from a "would be"

6   claim of disability discrimination claim and deprive plaintiff

7   of any monetary damages that would be awarded to plaintiff as a

8   result. Defendant's acts were related to plaintiff's previous

9   employment with ARAMARK    , as defendants committed these

10  acts after plaintiff's employment with the defendants ended.

11      Although the acts were committed after plaintiff's

12  employment ended, the acts were connected to claims plaintiff

13  alleged in a previous complaint plaintiff filed against

14  ARAMARK  in San Francisco Superior Court on March 9, 2007.

15  These acts show a continuing pattern of further deprivation of

16  plaintiff's civil rights by defendants.

17      The connected case number 07461178, which alleges acts that

18  were committed by defendants while plaintiff was employed with

19  the ARAMARK has been presently removed to federal court by

20  ARAMARK on January 30, 2008 in an attempt to delay trial and

21  prosecution of the case in state court. Plaintiff will file a

22  motion for remand in federal court to have the case moved back

23  to state court within 30 days of its removal.

24      ARAMARK. stated to the court in their case management

25  conference statement that they would file a motion for summary

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              2

1  judgment or as an alternative a motion for summary adjudication

2  but instead, upon discovering that plaintiff has acquired enough

3  evidence to support his claims through his own discovery plan,

4  defendants removed the case to federal court in an attempt to

5  divert plaintiff and gather their thoughts as to how they want

6  and should settle the case.

7      Plaintiff will    .. also file a second amended complaint

8  adding claims alleging Wrongful Termination, additional

9  retaliation that resulted in Fraud and Intentional Deceit,

10  Suppression of Fact, and to change quid pro quo sexual

11  harassment to hostile work environment sexual harassment.

12      Plaintiff will also file a supplemental complaint alleging

13  continued retaliation after plaintiff filed his complaint on

    March 9, 2007.

14
                           PARTIES
15

16      1.    Plaintiff Mark Antoine Foster was an employee of

17  defendant Speciality Risk Services client Aramark Sports and

    Entertainment, a subsidiary of Aramark Corporation. He worked
18
    for the Carnelian Room located at 555 California Street, San
19
    Francisco, California.
20
    2.    Defendants does 1 through 91, inclusive, are sued
21
    under fictitious names.  Their true names and capacities are
22
    unknown to plaintiff. When their true names and capacities are
23
    ascertained, plaintiff will amend this complaint by inserting
24
    their true names and capacities herein. Plaintiff is informed
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

3

1  and believes and thereon alleges that each of the fictitiously

2  named defendants is responsible in some manner for the

3  occurrences herein alleged, and such defendants caused plaintiff

4  damages as herein alleged.

5      3.    Plaintiff is informed and believes, and thereon

6  alleges, that at all times herein mentioned each and every

7  defendant was the agent, servant, employee and/or representative

8  of each other defendant and was, in doing the things complained

9  of herein, acting within the scope of said agency, service,

10  employment and or representation, and that each and every

11  defendant herein is jointly and severally responsible and liable

   to plaintiff for the damages hereinafter alleged.

12                    JURISDICTION AND VENUE

13      4.        Jurisdiction is proper in this court as the acts

14                complained of occurred in San Francisco,

15                California.

16      5.        The amount in controversy exceeds limited

17                jurisdiction.

18      6.    Plaintiff    timely    files    this    complaint,    as    he

19                discovered the fraudulent acts of the defendants in

20                December 2007.

21      7.    Plaintiff will amend this complaint to allege those

22                causes of action once defendants respond to the claim.

23                    **FIRST CAUSE OF ACTION**
                    **FRAUD AND INTENTIONAL DECEIT**
24                **(California Civil Codes 1709, 1710 and 1572)**
                    **FIRST COUNT**

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    4

1    **INTENTIONAL MISREPRESENTATION OF FACT**

2    8.    Plaintiff realleges and incorporates herein by reference

3    every allegation stated herein.

4    9. Plaintiff is informed, believes and therefore alleges that

5    the defendants' acts constituted fraud and intentional deceit

6    due to the defendants attempting to help their client cover-up a

7    possible or would-be disability discrimination claim from

8    plaintiff, in the event plaintiff discovered that Aramark

9    discriminated against him due to his disability.

10    10.    On or around March 28, 2006, plaintiff requested a

11    medical leave from the Aramark due to work related stress

12    allegedly caused by two of the Aramarks' supervisor/managers. On

13    or around March 28, 2006, plaintiff signed an voluntary

14    resignation agreement stating he would return no later than June

15    15, 2006 and that if he did not return by June 15, 2006, his

16    absence would be considered a voluntary quit and he will be

17    terminated on that day.

18    11.    On or around June 15, 2006, plaintiff did not return

19    to work due to (1) still being disabled and (2) due to fear of

20    further retaliation from ARAMARK, and (3) due to fear of

21    being terminated once he did return to work for Aramark.

22    12.    Plaintiff is informed, believes and therefore alleges

23    that he was forced to resign on June 15, 2006 pursuant to the

24    voluntary resignation agreement he signed on March 28, 2006,

25    absent Aramark offering plaintiff a further reasonable

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    5

1  accommodation to his disability before allowing him to "

2  voluntarily quit", as voluntary quit in this case is voluntary

3  termination which results in its simple form – termination of

4  employment.

5      13.    On or around March 9, 2007, plaintiff filed a

6  complaint against defendants Aramark Sports,LLC, and Ying Kee

7  McVicker and Mathew Lee as individuals, alleging Retaliation,

8  Harassment, Constructive Discharge, Failure to Prevent

9  Harassment, and Intentional Infliction of Emotional Distress.

10  Plaintiff did not in this complaint allege Disability

11  Discrimination due to not knowing his was or had been subject to

12  disability Discrimination at that point in time. Plaintiff

13  discovered in January 2008 that he had been subject to

14  disability discrimination on June 15, 2006.

15      14.    Plaintiff alleges that sometime in Feb.2007, he

16  requested his employee records from Aramark, specifically

17  Aramark's HR Manager, James Chan. Mr. Chan released plaintiff's

18  employee records which contained a copy of the voluntary

19  resignation agreement dated March 28, 2006 plaintiff signed

20  agreeing to return on June 15 2006. On the Face of the Voluntary

21  Resignation Agreement was a notation made by James Chan stating

22  that he communicated with the Executive Chef regarding plaintiff

23  not returning to work on June 15, 2006. Plaintiff alleges that

24  this is evidence that he was terminated pursuant to the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    6

1 | voluntary resignation agreement, in addition to the fact that
2 | the mere existence of the voluntary resignation agreement shows
3 | plaintiff was more than likely terminated pursuant to it.

4 | 15.    On or around August 28, 2007, plaintiff served Aramark
5 | a request for documents demanding all documents relevant to his
6 | termination; instead of Aramark producing the same documents he
7 | received from James Chan before he filed his lawsuit ARAMARK
8 | presented another version of the voluntary resignation without
9 | the notation of James Chan on the face of the agreement. This
10 | shows defendants withheld evidence.

11 | 16.    On or around December 20, 2007, plaintiff realized
12 | through research that he had been subject to Disability
13 | Discrimination and in December 2007, filed a motion to amend his
14 | complaint to add Disability Discrimination under the ADA, UNRUH
15 | and FEHA. Defendants stipulated with plaintiff to allow the
16 | amendment.

17 | 17.    On or Around Jan 15, 2008, Plaintiff discovered
18 | through his Discovery served on Aramark that he was defrauded by
19 | defendants, as defendants conspired with their clients to help
20 | cover up or attempt to cover-up the fact that they had
21 | discriminated against plaintiff due to his mental disability.

22 | 18.    On or around May 2, 2007, defendants with their client
23 | Aramark and their clients' Worker's compensation Attorneys Gray
24 | and Prouty, requested from plaintiff that he agree and sign a

25 |

1  document stating that he voluntarily resigned on May 1, 2007.
2  The purpose for defendants' request was to allow the proposed
3  agreement to void out the agreement signed on March 28, 2006, as
4  this agreement is the initial and actual reason why plaintiff
5  was terminated: which was when plaintiff was forced to resign
6  due to his disability violating ADA, the Unruh and FEHA.

7      19.    Defendants and their client Aramark submitted the
8  agreement to plaintiff for his signature. Plaintiff then refused
9  to agree that he resigned on May 1, 2007, knowing that he
10  resigned on June 15, 2006, pursuant to the agreement signed on
11  March 28, 2006.

12     20.    Defendants insisted that plaintiff sign the agreement
13  prior to releasing his already agreed upon Worker's Compensation
14  settlement of $5,500. Plaintiff altered the date and signed the
15  agreement as voluntarily resigning on June 15, 2006, not May 1,
16  2007 as Defendants requested he do. Although plaintiff did not
17  sign the agreement as voluntarily resigning on May 1, 2007, he
18  did sign agreeing that he *voluntarily resigned* on June 15, 2006.
19  Even though defendants were not successful in getting plaintiff
20  to agree that he resigned on May 1, 2007, they planned to use
21  the agreement anyway to void out the original agreement signed
22  on March 28, 2006. Defendants and their client Aramark planned
23  to use the new agreement to say that plaintiff resigned on June
24  15, 2006, to give the impression that he voluntarily resigned on

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    8

1  his own on June 15, 2006, and not pursuant to the agreement he

2  signed on March 28, 2006, to shield themselves from disability

3  discrimination. Although the mere existence of any voluntary

4  agreement plaintiff signed in May 2007, or anytime thereafter,

5  is a fraud.

6      21.    Plaintiff is informed believes and therefore alleges

7  that the defendants made a false representation offering the

8  voluntary resignation agreement. The true facts being; Aramark

9  forced plaintiff to resign pursuant to the voluntary resignation

10 agreement he signed on March 28, 2006,and defendants and Aramark

11 were attempting to suppress this material fact. Defendants

12 requesting plaintiff to sign the agreement presented on May 2,

13 2007 was FRAUD in its purest Form. Defendants Specialty Risk

14 Services abused their position as worker's compensation carriers

15 and helped their client Aramark use the agreed upon settlement

16 of $5,500 to coerce plaintiff to sign the agreement, which would

17 cause plaintiff to defraud his own self. Plaintiff signed the

18 agreement and returned it, as this proves that the FRAUD reached

19 its full Fruition or Justifiable reliance, damaging plaintiff

20 even further.

21     22.    Plaintiff alleges that it was a misrepresentation of

22 Material Fact by Defendants to request plaintiff to agree and

23 sign an agreement stating that his voluntary resignation was on

24 a date after he had already voluntarily resigned in an attempt

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    9

1  to cover up a possible disability discrimination claim against

2  their clients.

3      23.    Defendants attempt to use the document to void out his

4  original resignation agreement signed on March 28, 2006 was

5  despicable conduct done with malice. Defendants attempted to

6  help their clients defraud Plaintiff of his rightful claim of

7  disability discrimination and the tangible and intangible

8  benefits representing monetary and other remedy for damages that

9  could be awarded due to the disability claim. This act is

10  clearly an intentional misrepresentation of Material Fact.

11      24.    When the Defendants made the representations, they

12  knew then to be false or were based on false pretenses or

13  misrepresentations, as the defendants made these representations

14  with the intention to deceive and defraud plaintiff and to

15  induce plaintiff to act in reliance on these representations in

16  the manner alleged, or with the expectation that plaintiff would

17  so act. Defendants expected plaintiff to sign the agreement so

18  he could receive his WC Settlement of $5,500 and coerced him to

19  sign the agreement before agreeing to release payment of the

20  $5,500 to him.

21      25.    Plaintiff at the time these representations were made

22  by Defendants, believed that the Defendants representations were

23  true. Due to believing, plaintiff thought it was acceptable or

24  all right to sign the document, and that it was not depriving

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          10

1  him of any further rights and that there was a legal forthright
2  reason for defendants requesting him to sign the voluntary
3  agreement. Aramark and the defendants abused their positions as
4  reputable third party administrators, to help present the
5  document as if it was legal when actually it was not, as this
6  shows that plaintiff's reliance on defendant representation was
7  justified.

8     26.    Plaintiff alleges that he has satisfied all the
9  elements for intentional misrepresentations, which includes: (1)
10  misrepresentations (2) Material Fact (3) Knowledge of Falsity
11  (4) Intent to induce reliance (5) Justifiable reliance and (6)
12  Causation and Damages

13     27.    Defendants attempt to defraud Plaintiff violated
14  California Civil Codes 1709, 1710, and 1572

15     28.    As a proximate result of the fraudulent conduct or the
16  defendants as herein alleged, plaintiff was subjected to Fraud
17  and Intentional Deceit that subject or caused him emotional
18  distress and mental anguish.

19     29.    The aforementioned conduct of defendants was an
20  intentional misrepresentation, deceit, or concealment of a
21  material fact know to the defendants with the intention on the
22  part of the defendants to deprive the plaintiff of property or
23  legal rights, causing injury, and was despicable conduct that
24  subjected plaintiff to a cruel unjust hardship in conscious

25

1  disregard of the plaintiff's rights, so as to justify an award
2  of exemplary and punitive damages.

3                            SECOND COUNT

4                     Negligent Misrepresentation

5       30.  When the defendants made the representation they had
6  no reasonable grounds for believing them to be true. Defendants
7  knew that (1) it was not necessary for Plaintiff to sign the
8  Agreement at all (2) it was not necessary for plaintiff to sign
9  the agreement as a condition to him receiving or defendants
10 releasing plaintiff already agreed upon worker's compensation
11 settlement of $5,500.

12      31.  Plaintiff alleges that the defendants made the
13 representation with intent to induce plaintiff to rely upon it.

14      32.  Plaintiff alleges that he was unaware of the falsity
15 of the representation; in that he did not know that the purpose
16 or the agreement was to shield Aramark from a possible
17 discrimination disability claim from plaintiff, depriving
18 plaintiff of any possible monetary damages from the claim.

19      33.  Plaintiff alleges that he acted in reliance upon the
20 truth of the representation; as in him thinking it was necessary
21 to sign the agreement, as he believed it to be safe or true
22 because it was presented to him by ARAMARK's worker's
23 compensation attorney. Plaintiff believed it to be true because
24 he knew Defendants as well as Aramark's Worker's Compensation

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                            12

1  Attorneys knew exactly when Plaintiff actually resigned or knew
2  Plaintiff resigned on June 15, 2006 pursuant to the March 28,
3  2006 agreement.

4      34.  Defendants initiating these actions in an attempt to
5  DEFRAUD plaintiff of his claim of disability discrimination and
6  any possible monetary damages that would be awarded in lieu of
7  the disability discrimination claim violating California Codes
8  1572, 1709 and 1710, Therefore Plaintiff is entitled to
9  Statutory Damages, Costs and awards of Attorney Fees.

10                      THIRD COUNT

11                    Suppression of Fact

12     35.  Plaintiff alleges that defendants suppressed the fact
13  that if was not necessary for plaintiff to agree and sign the VR
14  agreement to receive his WC Check.

15     36.  In addition on or around July 2,2007, defendants'
16  Attorney Dana Mitchell filed an opposition to plaintiff's
17  Readiness to Proceed. In the opposition, Defendants state or
18  implied that the reason plaintiff's settlement of $5,500 had not
19  been paid was due to plaintiff filing an EEOC Claim subsequent
20  to agreeing to the settlement of $5,500 with defendants.
21  Plaintiff believes defendants lied to the Worker's Compensation
22  Appeals Board to create a "Smoke screen" or cover up as to the
23  actual reason plaintiff's settlement was held up, which was
24  defendants wanting to force plaintiff to sign the agreement to
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                        13

1  shield them from the disability discrimination claim. Defendants

2  concealed from the Worker's Compensation Appeals Board that

3  there was no EEOC Claim filed by plaintiff subsequent to the

4  agreement of the worker's compensation Settlement.

5      37.   The defendants made the failure to disclose and

6  suppressed and/or concealed the information mentioned herein

7  alleged, with the intent to induce the plaintiff to act in the

8  manner herein alleged in reliance thereupon, with the intent to

9  cause plaintiff to sign the agreement.

10      38.   As a proximate result of the fraudulent conduct or the

11  defendants as herein alleged, plaintiff was subjected to Fraud

12  and Intentional Deceit that subject or caused him emotional

13  distress and mental anguish.

14      39.   The aforementioned conduct of defendants was an

15  intentional misrepresentation, deceit, or concealment of a

16  material fact know to the defendants with the intention on the

17  part of the defendants of to deprive the plaintiff of property

18  or legal rights, causing injury, and was despicable conduct that

19  subjected plaintiff to a cruel unjust hardship in conscious

20  disregard of the plaintiff's rights, so as to justify an award

21  of exemplary and punitive damages.

22      40.   Defendants' attempt to defraud plaintiff violated

23  section 1572 of the California Civil Code. Plaintiff is

24  therefore entitled to Statutory Damages, Costs and award of

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                14

1  Attorney fees.

2      Wherefore Plaintiff prays for judgment against Defendants
3  as more fully set forth below.

4                          FOURTH COUNT

5                       SUPPRESION OF FACT

6      41.  Plaintiff realleges and incorporates therein by
7  reference every allegation stated herein.

8      42.  Plaintiff is informed, believes and therefore alleges
9  that defendants suppressed the fact that they knew plaintiff was
10 certified disabled and receiving state disability payments and
11 on medical leave when he filed his claim for worker's
12 compensation benefits. Defendants knew this was justifiable
13 evidence that plaintiff was injured and eligible to receive
14 worker's compensation benefits for his injury.

15     43.  Plaintiff is informed, believes and therefore alleges
16 that the defendants Specialty Risk Services on May 2, 2006
17 unjustly denied his claim, and there employer level
18 investigation of his claim failed, as it was incomplete or
19 insufficient in discovering that plaintiff was injured on the
20 job.

21     44.  Plaintiff alleges that defendants knew all details
22 regarding plaintiff's employment with their client Aramark, and
23 knew plaintiff filed complaints against two members of their
24 management staff prior to denying his claim.

25

1      45.   Plaintiff alleges that defendants knew or should have

2  known or was negligent at the least and in conscious disregard

3  of plaintiff's rights to his claim, breaching their fiduciary

4  duty to properly investigate plaintiff's claim.

5      46. As a proximate result of defendants' suppression of

6  fact, plaintiff has suffered emotional distress and mental

7  anguish.

8      47.   The aforementioned conduct of defendants was an

9  intentional misrepresentation, deceit, or concealment of a

10  material fact know to the defendants with the intention on the

11  part of the defendants of to deprive the plaintiff of property

12  or legal rights, causing injury, and was despicable conduct that

13  subjected plaintiff to a cruel unjust hardship in conscious

14  disregard of the plaintiff's rights, so as to justify an award

15  of exemplary and punitive damages.

16      Wherefore Plaintiff prays for judgment against Defendants

17  as more fully set forth below.

18                      FIFTH COUNT

19               SUPPRESION OF FACT

20      48.   Plaintiff realleges and incorporates therein by

21  reference every allegation stated herein.

22      49.   Plaintiff is informed, believes and therefore alleges

23  that defendants suppressed from there parent company the

24  prestigious Hartford Insurance Companies based in Connecticut,

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                 **16**

1  the fact that they unjustly denied plaintiff's claim for
2  worker's compensation benefits and the fact that they lied to
3  the Worker's Compensation Appeals Board in San Francisco
4  regarding plaintiff's claim.

5      50.  Plaintiff alleges that defendants knew or should have
6  known or was negligent at the least and in conscious disregard
7  of plaintiff's rights to his claim, breaching their fiduciary
8  duty to properly investigate plaintiff's claim.

9      51. As a proximate result of defendants' suppression of
10 fact, plaintiff has suffered emotional distress and mental
11 anguish.

12     52.  The aforementioned conduct of defendants was an
13 intentional misrepresentation, deceit, or concealment of a
14 material fact know to the defendants with the intention on the
15 part of the defendants of to deprive the plaintiff of property
16 or legal rights, causing injury, and was despicable conduct that
17 subjected plaintiff to a cruel unjust hardship in conscious
18 disregard of the plaintiff's rights, so as to justify an award
19 of exemplary and punitive damages.

20     Wherefore Plaintiff prays for judgment against Defendants
21 as more fully set forth below.

22                 SECOND CAUSE OF ACTION

23             Mail Fraud (18 U.S.C. Section 1341)

24     53.  Plaintiff realleges and incorporates therein by

25

1  reference every allegation stated herein.

2      54.  On or around May 2, 2007 Defendants mailed to

3  Plaintiff by way of his Worker's Compensation Attorney Mary Lou

4  Williams, the voluntary agreement, which was the execution of a

5  scheme to defraud plaintiff.

6      55.  Title 18 - Crimes and Criminal Procedures, Part 1 -

7  Crimes Chapter 63 section 1341 Frauds and Swindles States:

8  Whoever, having devised or intending to devise any scheme or

9  artifice to defraud, or for obtaining money or property by means

10 of false or fraudulent pretenses, representations, or promises,

11 or to sell, dispose of, loan, exchange, alter, give away,

12 distribute, supply, or furnish or procure for unlawful use any

13 counterfeit or spurious coin, obligation, security, or other

14 article, or other article, or anything represented to be or

15 intimated or held out to be such counterfeit or spurious

16 article, for the purpose of executing such scheme or artifice or

17 attempting so to do, places in any post office or authorized

18 depository for mail matter, any matter or thing whatever to sent

19 or delivered by the Postal Service, or Deposits or causes to be

20 deposited any matter or thing whatever to sent or delivered by

21 any private or commercial interstate carrier, or takes or

22 receives therefrom, any such matter or thing, or knowingly

23 causes to be delivered by mail or such carrier according to the

24 direction thereon, or at the place at which it is directed to be

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          18

1 | delivered by the person to whom it is addressed, any such matter

2 | or thing shall be fined under this title or shall be fined under

3 | this title or imprisoned not more than 20 years, or both.

4 | 56.Upon Defendants placing the Voluntary Resignation Agreement

5 | in the Post Office for Mail matter to be sent by the Postal

6 | Service, the Defendants committed Mail Fraud.

7 | FIRST COUNT OF MAIL FRAUD

8 | 56.¶ On or around May 2,2007 upon Defendants mailing the

9 | Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th

10 | Street, San Francisco, CA 94104 constitutes first count of mail

11 | fraud.

12 | SECOND COUNT OF MAIL FRAUD

13 | 57.  On or around May 2,2007 upon Defendants mailing a copy

14 | of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,

15 | at P.O. Box 591, Burbank, CA constitutes second count of mail

16 | fraud, as it was initiated to further the Scheme.

17 | THIRD COUNT OF MAIL FRAUD

18 | 58.  On or around May 2,2007 upon Defendants mailing a copy

19 | of the Voluntary Resignation Agreement to Mark Antoine Foster at

20 | 225 Ellis Street, San Francisco, CA., constitutes a third count

21 | of mail fraud, as it was initiated to further the Scheme.

22 | FOURTH COUNT OF MAIL FRAUD

23 | 59.  On or around July 3,2007 upon Defendants mailing a

24 | copy of the opposition to Plaintiff's Declaration of Readiness

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

19

1   to Proceed to the Worker's Compensation Appeals Board

2   constitutes a Fourth Count of MAIL FRAUD, as it was initiated to

3   further the Scheme.

4                    FIFTH COUNT OF MAIL FRAUD

5       60.   On or around July 3,2007 upon Defendants mailing a

6   copy of the opposition to Plaintiff's Declaration of Readiness

7   to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,

8   CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was

9   initiated to further the Scheme.

10                   SIXTH COUNT OF MAIL FRAUD

11      61.   On or around July 3,2007 upon Defendants mailing a

12  copy of the opposition to Plaintiff's Declaration of Readiness

13  to Proceed Gretchen Devine at Specialty Risk Services at P.O.

14  Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,

15  as it was initiated to further the Scheme.

16      62.   As a proximate result of defendants' suppression of

17  fact, plaintiff has suffered emotional distress and mental

18  anguish.

19      63.   The aforementioned conduct of defendants was an

20  intentional misrepresentation, deceit, or concealment of a

21  material fact know to the defendants with the intention on the

22  part of the defendants of to deprive the plaintiff of property

23  or legal rights, causing injury, and was despicable conduct that

24  subjected plaintiff to a cruel unjust hardship in conscious

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              20

1  disregard of the plaintiff's rights, so as to justify an award
2  of exemplary and punitive damages.

3      Wherefore Plaintiff prays for judgment against Defendants
4  as more fully set forth below.

5                      THIRD CAUSE OF ACTION

6                      CONSPIRACY TO DEFRAUD

7                  (18 U.S.C. SECTION 1345,1349)

8      64.   Plaintiff realleges and incorporates therein by
9  reference every allegation stated herein.

10     65.   Plaintiff is informed, believes and therefore alleges
11 that between March 9,2007 and May 1, 2007 Defendants and members
12 of Aramark's Management conspired to defraud plaintiff by
13 attempting to cover-up a "would be" Disability Discrimination
14 Claim and wrongful termination Claim pursuant to the ADA, the
15 UNRUH and FEHA.

16     66.   Plaintiff is informed, believes and therefore alleges
17 that Aramark's managers conspired and with defendants to submit
18 and offer the Voluntary Resignation Agreement to plaintiff, on
19 May 2,2007, knowing it was being submitted for fraudulent
20 reasons.

21     67.   Defendants conspiring to defraud plaintiff violated
22 California Civil Codes 1709, 1710 and 1572 and 18 U.S.C. Section
23 1345, and 1349.

24     68.   As a proximate result of the fraudulent conduct of the
25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          21

1  defendants as herein alleged, plaintiff was subjected to fraud

2  and intentional deceit and MAIL FRAUD causing plaintiff

3  emotional distress.

4      69. The aforementioned conduct of defendants was an

5  intentional misrepresentation deceit, or concealment of a

6  material fact know to the defendants with the intention on the

7  part of the defendants of thereby depriving the plaintiff of

8  property or legal rights causing injury, and was despicable

9  conduct that subjected plaintiff to a cruel unjust hardship in

10  conscious disregard of the plaintiff's rights, so as to justify

11  an award of exemplary and punitive damages.

12      Wherefore Plaintiff prays for judgment against Defendants

13  as more fully set forth below.

14                      FOURTH CAUSE OF ACTION

15                           WIRE FRAUD

16                      18 U.S.C. SECTION 1343

17      70.  Plaintiff realleges and incorporates therein by

18  reference every allegation stated herein.

19      71. Plaintiff is informed, believes and therefore alleges

20  that between March 9,2007 and May 2,2007, Defendants and members

21  of Aramark Management utilized emails, the telephone or by fax

22  to further their Scheme to defraud Plaintiff by attempting to

23  cover-up a "would be" disability discrimination claim and

24  wrongful termination Claim pursuant to the ADA, the UNRUH and

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              22

1 | FEHA.

2 |     72.   Plaintiff is informed, believes and therefore alleges
3 | that between March 9,2007 and May 2,2007, Defendants and members
4 | of Management of Aramark conspired with defendants Gray & Prouty
5 | and Morgan & Lewis to submit the offer to plaintiff in the form
6 | of the agreement.

7 |     73.   Defendant's use of the above mentions methods of
8 | Communication to defraud plaintiff violated Section California
9 | Civil Codes 1709, 1710 and 18 U.S.C. Section 1343.

10 |     74.   As a proximate result of the Fraudulent conduct or the
11 | defendants as herein alleged, Plaintiff was subjected to Fraud
12 | and Intentional Deceit and WIRE FRAUD, causing plaintiff
13 | emotional distress.

14 |     75.   The aforementioned conduct of defendants was an
15 | intentional misrepresentation, deceit, or concealment of a
16 | material fact know to the defendants with the intention on the
17 | part of the defendants, thereby depriving the plaintiff of
18 | property or legal rights causing injury to plaintiff, and was
19 | despicable conduct that subjected plaintiff to a cruel unjust
20 | hardship in conscious disregard of the plaintiff's rights, so as
21 | to justify an award of exemplary and punitive damages.

22 |     Wherefore Plaintiff prays for judgment against Defendants
23 | as more fully set forth below.

24 |                FIFTH CAUSE OF ACTION

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS             23

1

BREACH OF FUDICIARY DUTY

2    76.  Plaintiff  realleges  and  incorporates  therein  by
3  reference every allegation stated herein.

4    77.  Defendants,  a  third  party  administrator,  breached
5  their fiduciary duty, as a third party administrator, they were
6  negligent  in  their  duties  and  behaved  in  a  way  that  was
7  despicable due to them being a third party administrator, having
8  a  duty  of  care  to  uphold  the  law,  knowing  they  were  helping
9  break the  law. Defendants knew the acts being committed were
10  being done for fraudulent reasons and still allowed themselves
11  to  conspire  with  their  clients  to  help  defraud  plaintiff.
12  Defendants  recognized  the  risks  created  by  their  actions  and
13  Aramark  actions  and  understood  what  could  happen  from  those
14  risks taken.

15    78.  Plaintiff  alleges  that  defendants  knew  all  detail
16  regarding  plaintiff's  employment  with  their  client  Aramark,
17  including  knowing  when  plaintiff  actually  resigned  and  why.
18  Defendants knew requesting and coercing plaintiff to sign the
19  agreement presented on May 2, 2007 was to void out the original
20  agreement  plaintiff  signed  on  March  28,  2006  to  help  shield
21  their client Aramark from a possible discrimination claim from
22  plaintiff.

23    79.  Plaintiff  alleges  that  third  party  administrators  are
24  held  to  a  higher  standard  of  care  than  an  ordinary  reasonable

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

24

1    person would be. They must behave as a reasonable third party

2    administrator would do so rather than a reasonable person. The

3    perspective of a third party administrator would be different

4    matters in the court. Defendant Specialty Risk Services and

5    their employee Gretchen Devine owe plaintiff a reasonable

6    standard of care.

7        80. Plaintiff alleges that the defendants' acts breached

8    their fiduciary duty violating section 3300 of the California

9    Civil Code.

10        81. As a direct and proximate result of said breach,

11    plaintiff has suffered the actual and special and general

12    damages as alleged, and which are incorporated herein by this

13    reference, and seek recovery of the same, and for an award of

14    costs and reasonable attorney fees.

15        82. Plaintiff alleges that the defendants' breach was

16    committed to defraud plaintiff and was in conscious disregard of

17    plaintiff's rights and was willful, oppressive and malicious;

18    and designed to cause plaintiff to suffer economic and emotional

19    injury. Plaintiff is therefore entitled to an award of exemplary

20    and punitive damages against defendants, in an amount to be

21    determined at trial.

22            INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23        83. Plaintiff realleges and incorporates therein by

24    reference every allegation stated herein.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    25

1    84.    The fraudulent actions of defendants were outrageous,

2  intentional and malicious and done with reckless disregard of

3  the fact that they would certainly cause plaintiff to suffer

4  severe emotional and physical distress. Defendants knew that

5  defrauding plaintiff in an attempt to deprive from his "would

6  be" Disability Discrimination Claim would certainly cause him to

7  suffer severe emotional and physical distress. Defendants also

8  knew Plaintiff had already suffered psychological injury due to

9  the previous acts of the Aramark while Plaintiff was employed at

10  the Carnelian Room, but still proceeded with their Fraudulent

11  acts after Plaintiff resigned or was constructively Discharged.

12    85. As a proximate result of the acts of defendants,

13  Plaintiff has and will more than likely continue to suffer

14  emotional distress in the form of fear, anxiety, worry, and

15  mental suffering as the injury will have an effect on

16  Plaintiff's future capacity to work and earn income.

17    86. Plaintiff will seek more psychological counseling as a

18  result of the defendants conduct.

19    87.    As a proximate result of Defendants conduct, Plaintiff

20  has suffered general Damages in an amount to be determined by

21  Proof at Trial.

22    88.    Defendants conduct was done knowingly, willfully and

23  with malicious intent and Plaintiff can prove the fraudulent

24  acts of Defendants by "clear and convincing" evidences and

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    26

1  therefore Plaintiff is entitled to Punitive Damages in an amount
2  to be determined by Proof at trial.

3              NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4        89. Plaintiff realleges and incorporates therein by
5  reference every allegation stated herein.

6        90. Plaintiff is informed, believes and therefore alleges
7  that Defendant Specialty Risk Services is negligent in causing
8  plaintiff Emotional Distress, in that Defendant specialty risk
9  services has breached their duty of care by allowing themselves
10  as third party administrators and their client Aramark to
11  intentionally inflict Plaintiff with Emotional Distress causing
12  Plaintiff injury resulting in damages. Defendants' negligence
13  causing of Emotional Distress is not an independent Tort: it is
14  a Tort of Negligence.

15        91. As a proximate result of the fraudulent conduct of the
16  defendants as herein alleged, caused plaintiff emotional
17  distress.

18       Wherefore Plaintiff prays for judgment against Defendants
19  as more fully set forth below.

20                        PRAYER FOR RELEIF

21       WHEREFORE, Plaintiff FOSTER prays for judgment against
22  defendants, and each of them, as more fully set forth below:

23       1. For general damages, including emotional distress,
24          according to proof;

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          27

1    2. For statutory penalties and all relief allowed by

2       statute according to proof;

3    3. For punitive damages;

4    4. For an award of attorney's fees;

5    5. For pre-judgment interest at the legal rate according to

6       proof;

7    6. For costs of suit incurred;

8    7. For such other and further relief as the court may deem

9       proper.

10   Dated: *February 7, 2008*          *Mark Antoine Foster*

11                                       Mark Antoine Foster, In Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    28

**Exhibit C**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark Antoine Foster<br>200 Corpus Cristie Road #A<br>Alameda, California 94502<br><br>TELEPHONE NO.: 415-756-1611    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco
BRANCH NAME: Civic Center

| PLAINTIFF/PETITIONER: Mark Antoine Foster | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Specialty Risk Services | CGC08471939 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑ summons
    b.  ☑ complaint
    c.  ☑ Alternative Dispute Resolution (ADR) package
    d.  ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ cross-complaint
    f.  ☐ other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*
        Specialty Risk Services

    b.  ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Office Receptionist at 333 Glenoaks Blvd, #302, Burbank, California

4.  Address where the party was served:
    333 Glenoaks Blvd., #302, Burbank California
5.  I served the party *(check proper box)*
    a.  ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 2-11-2008    (2) at *(time):* 3:00pm
    b.  ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☑ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

        (5)  ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF/PETITIONER: Mark Antoine Foster | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Specialty Risk Services | CGC08471939 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*           (2) from *(city):*

   (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐  as an individual defendant.
   b. ☐  as the person sued under the fictitious name of *(specify):*
   c. ☐  as occupant.
   d. ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)       ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)       ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)       ☐ 415.46 (occupant)
        ☐ other:

7.  **Person who served papers**
   a. Name: Thom McMullen
   b. Address: 725 Ellis Street, #408, San Francisco, California
   c. Telephone number: 619-646-0895
   d. The fee for service was: $
   e. I am:

      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐  a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: February 11, 2008

Thom McMullen
_____          _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE )

**Exhibit D**

COPY

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JULIA A. MOLANDER BAR NO. 83839
2   DEAN J. MCELROY BAR NO. 213132
    LISA G. ROWE BAR NO. 232601
3   One Market Plaza
    Steuart Tower, 8th Floor
4   San Francisco, California 94105
    Telephone: (415) 781-7900
5   Facsimile: (415) 781-2635
    Email: julia.molander@sdma.com

6
    Attorneys for Defendant SPECIALITY RISK SERVICES
7

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      CITY AND COUNTY OF SAN FRANCISCO

11

12  MARK ANTOINE FOSTER,                    CASE NO. CGC-08-471939

13          Plaintiff,                      **SPECIALTY RISK SERVICES' ANSWER
                                            TO COMPLAINT**
14      v.

15  SPECIALTY RISK SERVICES, AND
16  GRETCHEN DEVINE, as an individual,
    and DOES 1 through 91
17
            Defendants.
18

19

20
            COMES NOW defendant Specialty Risk Services ("SRS"), pursuant to California Code
21
    of Civil Procedure §431.30 and, in answer to the unverified complaint of plaintiff Mark Antoine
22
    Foster ("Foster"), denies each and every allegation in the complaint.  SRS further denies that
23
    plaintiff has suffered any injury or damage in the sum or sums alleged, or in any sum, or at all, or
24
    is otherwise entitled to any relief.
25
                              **AFFIRMATIVE DEFENSES**
26
            By raising the following affirmative defenses, SRS does not concede that it has the
27
    burden of proof as to any defense.
28
    ///

-1-
SPECIALTY RISK SERVICES' ANSWER TO COMPLAINT

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 1 2 2008

GORDON PARK-LI, Clerk
BY:____ MICHAEL RAYRAY
                    Deputy Clerk

SEDGWICK
DETERT, MORAN & ARNOLD LLP

**FIRST AFFIRMATIVE DEFENSE**

The complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

The complaint, and each and every purported cause of action therein, fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because plaintiff has no standing to bring this action against SRS.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that the complaint was not brought in good faith pursuant to Code of Civil Procedure § 128.7 or Federal Rule 11, SRS is entitled to and will seek reasonable expenses, including attorneys' fees, incurred in defending the action, and any recovery against SRS must be adjusted accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

All of the allegations and claims for relief contained in the complaint are barred by the applicable Federal and state statutes of limitations including, but not limited to, California Code of Civil Procedure §§ 335, 337, 338, 338(d), 339, 342, 343, and 361.

**SIXTH AFFIRMATIVE DEFENSE**

The complaint is barred, in whole or in part, due to plaintiff's failure to join material and indispensable parties, which joinder is necessary to fully determine all rights of the parties.

**SEVENTH AFFIRMATIVE DEFENSE**

The complaint is barred under the doctrines of res judicata and/or collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff has failed to mitigate, minimize, or avoid any damages he allegedly sustained, any recovery against SRS must be reduced accordingly.

///

///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1                            **NINTH AFFIRMATIVE DEFENSE**

2         Plaintiff has failed to allege fraud in the inducement with sufficient specificity or

3 particularity.

4                            **TENTH AFFIRMATIVE DEFENSE**

5         Plaintiff has failed to allege suppression of fact with sufficient specificity or particularity.

6                     **ELEVENTH AFFIRMATIVE DEFENSE**

7         Plaintiff has failed to allege conspiracy with sufficient specificity or particularity.

8                     **TWELFTH AFFIRMATIVE DEFENSE**

9         Plaintiff has failed to allege mail fraud with sufficient specificity or particularity.

10                  **THIRTEENTH AFFIRMATIVE DEFENSE**

11         Plaintiff has failed to allege wire fraud with sufficient specificity or particularity.

12                 **FOURTEENTH AFFIRMATIVE DEFENSE**

13         Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches,

14 waiver, estoppel, and unclean hands.

15                  **FIFTEENTH AFFIRMATIVE DEFENSE**

16         To the extent plaintiff has acted in any fraudulent manner, plaintiff's claims are barred.

17                  **SIXTEENTH AFFIRMATIVE DEFENSE**

18         To the extent plaintiff's actions constituted a full release and waiver by plaintiff of any

19 and all claims which plaintiff may have had against SRS, plaintiff is barred from asserting the

20 complaint, or any purported cause of action therein, against SRS.

21               **SEVENTEENTH AFFIRMATIVE DEFENSE**

22         Plaintiff's claims are barred to the extent there is no privity between plaintiff and SRS.

23                **EIGHTEENTH AFFIRMATIVE DEFENSE**

24         Plaintiff's claims are barred to the extent there is no fiduciary relationship between

25 plaintiff and SRS.

26                 **NINETEENTH AFFIRMATIVE DEFENSE**

27         Plaintiff's claims are barred to the extent they are preempted by the California Workers'

28 Compensation laws.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1                               **TWENTIETH AFFIRMATIVE DEFENSE**

2         Plaintiff has not suffered any damages as a result of any actions taken by SRS or its

3 agents or representatives, and plaintiff is thus barred from asserting the complaint, or any

4 purported cause of action therein, against SRS.

5                           **TWENTY-FIRST AFFIRMATIVE DEFENSE**

6         Plaintiff's claims are barred to the extent the complaint seeks exemplary or punitive

7 damages pursuant to California Civil Code Section 3294 against this answering defendant,

8 violates defendant's right to procedural due process under the Fourteenth Amendment of the

9 United States Constitution, and Article I, Section 7 of the Constitution of the State of California,

10 and therefore fails to state a cause of action upon which either punitive or exemplary damages

11 can be awarded.

12                        **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13         Plaintiff has failed to set out his claims with sufficient particularity to permit SRS to raise

14 all appropriate defenses and, thus, SRS reserves its right to add additional defenses as a factual

15 basis for plaintiff's claims becomes known.

16         WHEREFORE, defendant prays:

17       1.      That plaintiff take nothing by the complaint;

18       2.      That this defendant be dismissed;

19       3.      For costs of suit incurred herein; and

20       4.      For such other and further relief that this Court may deem just and proper.

21

22 DATED: March 11, 2008             SEDGWICK, DETERT, MORAN & ARNOLD LLP

23

24

25                             By:

26                                 Julia A. Molander
                                Dean J. McElroy

27                                   Lisa G. Rowe
                                Attorneys for Defendant Specialty Risk Services

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

-4-

Case 3:08-cv-01142-MHP    Document 78-2    Filed 04/07/2008    Page 43 of 43

Mark Antoine Foster v. Specialty Risk Services, et al.
San Francisco Superior Court Case No. CGC-08-471939
(0571-000074)

1

## PROOF OF SERVICE

2
3
4

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On March 12, 2008, I served the within document(s):

### SPECIALTY RISK SERVICES' ANSWER TO COMPLAINT

5
6

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

7
8

☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

9

☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10
11

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

12
13

Mark Antoine Foster                    In Pro Per
200 Corpus Cristie Road #A
Alameda, California 94502

14

Tel: (415) 756-1611

15

16
17
18

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 12, 2008, at San Francisco, California.

20
21

Andrea Mackenzie
Andrea Mackenzie

22
23
24
25
26
27
28

SEDGWICK
DETERT, MORAN & ARNOLDLLP

SF/1493290v2

# Exhibit 2

COPY

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JULIA MOLANDER  Bar No. 83839
2  julia.molander@sdma.com
   DEAN J. MCELROY  Bar No. 213132
3  dean.mcelroy.molander@sdma.com
   LISA G. ROWE  Bar No. 232601
4  lisa.rowe@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
7
   Attorneys for Defendant
8  SPECIALTY RISK SERVICES

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 1 4 2008

GORDON PARK-LI, Clerk
BY: _____ MARY A. MORAN _____
                              Deputy Clerk

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      CITY AND COUNTY OF SAN FRANCISCO

11

12
   MARK ANTOINE FOSTER,                        CASE NO. CGC-08-471939
13
          Plaintiff,                           **NOTICE TO PLAINTIFF MARK**
14                                             **ANTOINE FOSTER AND TO THE CLERK**
          v.                                   **OF THE SUPERIOR COURT OF THE**
15                                             **STATE OF CALIFORNIA, COUNTY OF**
   SPECIALTY RISK SERVICES, and                **SAN FRANCISCO, OF FILING OF**
16 GRETCHEN DEVINE, as an individual,          **NOTICE OF REMOVAL OF CIVIL**
   and DOES 1 through 91,                      **ACTION WITH THE UNITED STATES**
17                                             **DISTRICT COURT FOR THE**
          Defendants.                          **NORTHERN DISTRICT OF CALIFORNIA**
18

19

20        TO PLAINTIFF MARK ANTOINE FOSTER, PRO PER, AND TO THE CLERK OF
21 THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN
22 FRANCISCO.
23        PLEASE TAKE NOTICE that defendant Specialty Risk Services, on Wednesday,
24 February 12, 2008, filed a Notice of Removal of Civil Action with the United States District
25 Court for the Northern District of California (a copy of which is attached hereto as Exhibit 1).
26        This matter was assigned a case number of CV 08-1421 SBA by the clerk of the United
27 States District Court for the Northern District of California.
28        / / /

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1    A copy of the said Notice of Removal is attached to this Notice, and is served and filed

2    herewith.

3    DATED: March 13, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

4

5

6    By: _____

7        Julia Molander
         Dean J. McElroy
8        Lisa G. Rowe
         Attorneys for Defendant
9        SPECIALTY RISK SERVICES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF/1493864v1

-2-

NOTICE TO PLAINTIFF AND SUPERIOR COURT OF REMOVAL

**Exhibit 1**

SEDGWICK, DETERT, MORAN & ARNOLD LLP
JULIA MOLANDER  Bar No. 83839
julia.molander@sdma.com
DEAN J. MCELROY  Bar No. 213132
dean.mcelroy@sdma.com
LISA G. ROWE  Bar No. 232601
lisa.rowe@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

E-filing

Attorneys for Defendant
SPECIALTY RISK SERVICES

SBA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ANTOINE FOSTER,

        Plaintiff,

        v.

SPECIALTY RISK SERVICES, and
GRETCHEN DEVINE, as an individual,
and DOES 1 through 91,

        Defendants.

CASE NO.

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b)
(FEDERAL QUESTION)**

[Originally San Francisco County Superior
Court, Case No. CGC-08-471939]

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant SPECIALTY RISK SERVICES hereby

removes to this Court the state court action described below.

1. On February 7, 2008, plaintiff Mark Antoine Foster filed a complaint in the Superior

Court of California, County of San Francisco, bearing case number CGC-08-471939, naming as

defendants Specialty Risk Services, Gretchen Devine, as an individual, and Does 1 through 91.

The complaint alleges fraud and intentional deceit, intentional misrepresentation of fact,

negligent misrepresentation, suppression of fact, mail fraud (18 U.S.C. Sec. §1341), Conspiracy

to Mail Fraud (18 U.S.C. §§1345, 1349), Wire Fraud (18 U.S.C. §1343), breach of Fiduciary

SF/1493275v1

-1-

CASE NO.

NOTICE OF REMOVAL

1  Duty, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

2  In addition, the complaint purports to seek damages for violation of plaintiffs' civil rights, related

3  to employment discrimination, of which this Court has jurisdiction under 28 U.S.C. §1343.

4      2.  Defendant Specialty Risk Services was served with a copy of the complaint on

5  February 11, 2008.  True and correct copies of all documents received by Specialty Risk Services

6  are attached hereto.  These documents consist of the summons (attached as Exhibit A), the

7  complaint (attached as Exhibit B), and the proof of service of summons (attached as Exhibit C).

8      3.  Defendant Specialty Risk Services filed its Answer to the complaint with the San

9  Francisco Superior Court on March 12, 2008.  A file-endorsed copy of the Answer is attached

10  hereto as Exhibit D.

11      4.  This action is a civil action of which this Court has original jurisdiction under 28

12  U.S.C. §1331, and is one which may be removed to this Court by defendant, pursuant to the

13  provisions of 28 U.S.C. §1441(b) in that it arises under 18 U.S.C. §§ 1341, 1343, 1345, and

14  1349, and 28 U.S.C. 1343.

15      5.  Defendant Gretchen Devine has not yet been properly served in the state court action

16  and, therefore, removal is proper.

17      WHEREFORE, defendant SPECIALTY RISK SERVICES further gives notice that the

18  above-entitled action, now pending against it in the Superior Court for the State of California,

19  County of San Francisco, has been removed therefrom to this Court on the grounds of federal

20  question.

21  DATED:  March 12, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

22

23          By: _____

24              Julia Molander
                Dean J. McElroy
25              Lisa G. Rowe
                Attorneys for Defendant
26              SPECIALTY RISK SERVICES

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1493275v1                           -2-                           CASE NO.
                              NOTICE OF REMOVAL

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

NOTICE TO DEFENDANT: Speciality Risk Services
(AVISO AL DEMANDADO): And Gretchen Devine
as an Individual And
Does 1. through 91

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

MARK ANTOINE FOSTER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: SUPERIOR COURT<br>(El nombre y dirección de la corte es): 100 MCALLISTER STREET RM 103<br>SAN FRANCISCO CA 94102 | CASE NUMBER<br>(Número del Caso): CGC-08-471939 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

MARK A. Foster    415-750-1611
200 Corpus Crister Rd    Gordon Park-Li    D. STEPPE
Almeda Ca 94502

DATE: FEB 0 7 2008    Clerk, by _____ , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**Exhibit B**

1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, CA 94502
   (415) 756-1611
3

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 0 7 2008

GORDON PARK-LI, Clerk
BY:_____ DEBORAH STEPPE
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUL 1 1 2008 .9:00 AM

DEPARTMENT 212

8              SUPERIOR COURT OF CALIFORNIA

9          IN AND FOR THE COUNTY OF SAN FRANCISCO
                                    CGC-08-471939
10              CIVIL UNLIMITED JURISDICTION

11                                  COMPLAINT FOR DAMAGES FOR
                                    CIVIL RIGHTS (related to
12  MARK ANTOINE FOSTER,            Employment discrimination)
                                     1.  Fraud and Intentional Deceit
13      Plaintiff,                   2.  Intentional Misrepresentation of
                                         Fact
14  vs.                             3.  Negligent Misrepresentation
                                     4.  Suppression of Fact
15  SPECIALTY RISK SERVICES, AND    5.  Mail Fraud (18 U.S.C Sec. §1341)
    GRETCHEN DEVINE, as an individual, 6. Conspiracy to Mail Fraud (18
16  and DOES 1 through                   U.S.C. Sec. §1345, §1349)
    91                               7.  Wire Fraud (18 U.S.C. Sec.
17      Defendants                       §1343)
                                     8.  Breach of Fiduciary Duty
18  _____/    9.  Intentional Infliction of
                                         Emotional Distress
19                                  10. Negligent Infliction of Emotional
                                        Distress

20                  INTRODUCTION

21      This case is brought against defendants pursuant to

22  California Codes of Civil Procedure §1709, §1710 and §1572 for

23  committing acts that constitute fraud and intentional deceit,

24  mail fraud and wire fraud and conspiracy to defraud. Defendant

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS
                                                              1

1 | SPECIALTY RISK SERVICES and its employee GRETCHEN DEVINE

2 | conspired with their clients Aramark Sports, L.L.C. and Aramark

3 | Corporation to defraud plaintiff of his disability

4 | discrimination claim against defendant Aramark Corporation. The

5 | acts were committed to shield their client from a "would be"

6 | claim of disability discrimination claim and deprive plaintiff

7 | of any monetary damages that would be awarded to plaintiff as a

8 | result. Defendant's acts were related to plaintiff's previous

9 | employment with ARAMARK    , as defendants committed these

10 | acts after plaintiff's employment with the defendants ended.

11 | Although the acts were committed after plaintiff's

12 | employment ended, the acts were connected to claims plaintiff

13 | alleged in a previous complaint plaintiff filed against

14 | ARAMARK in San Francisco Superior Court on March 9, 2007.

15 | These acts show a continuing pattern of further deprivation of

16 | plaintiff's civil rights by defendants.

17 | The connected case number 07461178, which alleges acts that

18 | were committed by defendants while plaintiff was employed with

19 | the ARAMARK has been presently removed to federal court by

20 | ARAMARK on January 30, 2008 in an attempt to delay trial and

21 | prosecution of the case in state court. Plaintiff will file a

22 | motion for remand in federal court to have the case moved back

23 | to state court within 30 days of its removal.

24 | ARAMARK. stated to the court in their case management

25 | conference statement that they would file a motion for summary

1    judgment or as an alternative a motion for summary adjudication
2    but instead, upon discovering that plaintiff has acquired enough
3    evidence to support his claims through his own discovery plan,
4    defendants removed the case to federal court in an attempt to
5    divert plaintiff and gather their thoughts as to how they want
6    and should settle the case.

7    Plaintiff will    .. also file a second amended complaint
8    adding claims alleging Wrongful Termination, additional
9    retaliation that resulted in Fraud and Intentional Deceit,
10   Suppression of Fact, and to change quid pro quo sexual
11   harassment to hostile work environment sexual harassment.

12   Plaintiff will also file a supplemental complaint alleging
13   continued retaliation after plaintiff filed his complaint on
     March 9, 2007.
14
                              PARTIES
15
       1.    Plaintiff Mark Antoine Foster was an employee of
16
     defendant Speciality Risk Services client Aramark Sports and
17
     Entertainment, a subsidiary of Aramark Corporation. He worked
18
     for the Carnelian Room located at 555 California Street, San
19
     Francisco, California.
20
       2.    Defendants does 1 through 91, inclusive, are sued
21
     under fictitious names.  Their true names and capacities are
22
     unknown to plaintiff. When their true names and capacities are
23
     ascertained, plaintiff will amend this complaint by inserting
24
     their true names and capacities herein. Plaintiff is informed
25
     COMPLAINT FOR DAMAGES, CIVIL RIGHTS                            3

1   and believes and thereon alleges that each of the fictitiously

2   named defendants is responsible in some manner for the

3   occurrences herein alleged, and such defendants caused plaintiff

4   damages as herein alleged.

5       3.    Plaintiff is informed and believes, and thereon

6   alleges, that at all times herein mentioned each and every

7   defendant was the agent, servant, employee and/or representative

8   of each other defendant and was, in doing the things complained

9   of herein, acting within the scope of said agency, service,

10  employment and or representation, and that each and every

11  defendant herein is jointly and severally responsible and liable

12  to plaintiff for the damages hereinafter alleged.

                        JURISDICTION AND VENUE

13      4.        Jurisdiction is proper in this court as the acts

14                complained of occurred in San Francisco,

15                California.

16      5.        The amount in controversy exceeds limited

17                jurisdiction.

18      6.    Plaintiff  timely  files  this  complaint,  as  he

19                discovered the fraudulent acts of the defendants in

20                December 2007.

21      7.    Plaintiff will amend this complaint to allege those

22                causes of action once defendants respond to the claim.

23                      **FIRST CAUSE OF ACTION**
                        **FRAUD AND INTENTIONAL DECEIT**
24                **(California Civil Codes 1709, 1710 and 1572)**
                              **FIRST COUNT**
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    4

1    **INTENTIONAL MISREPRESENTATION OF FACT**

2    8.    Plaintiff realleges and incorporates herein by reference

3    every allegation stated herein.

4    9. Plaintiff is informed, believes and therefore alleges that

5    the defendants' acts constituted fraud and intentional deceit

6    due to the defendants attempting to help their client cover-up a

7    possible or would-be disability discrimination claim from

8    plaintiff, in the event plaintiff discovered that Aramark

9    discriminated against him due to his disability.

10    10.    On or around March 28, 2006, plaintiff requested a

11    medical leave from the Aramark due to work related stress

12    allegedly caused by two of the Aramarks' supervisor/managers. On

13    or around March 28, 2006, plaintiff signed an voluntary

14    resignation agreement stating he would return no later than June

15    15, 2006 and that if he did not return by June 15, 2006, his

16    absence would be considered a voluntary quit and he will be

17    terminated on that day.

18    11.    On or around June 15, 2006, plaintiff did not return

19    to work due to (1) still being disabled and (2) due to fear of

20    further retaliation from ARAMARK, and (3) due to fear of

21    being terminated once he did return to work for Aramark.

22    12.    Plaintiff is informed, believes and therefore alleges

23    that he was forced to resign on June 15, 2006 pursuant to the

24    voluntary resignation agreement he signed on March 28, 2006,

25    absent Aramark offering plaintiff a further reasonable

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    5

1  accommodation to his disability before allowing him to "
2  voluntarily quit", as voluntary quit in this case is voluntary
3  termination which results in its simple form – termination of
4  employment.

5    13.    On or around March 9, 2007, plaintiff filed a
6  complaint against defendants Aramark Sports,LLC, and Ying Kee
7  McVicker and Mathew Lee as individuals, alleging Retaliation,
8  Harassment, Constructive Discharge, Failure to Prevent
9  Harassment, and Intentional Infliction of Emotional Distress.
10 Plaintiff did not in this complaint allege Disability
11 Discrimination due to not knowing his was or had been subject to
12 disability Discrimination at that point in time. Plaintiff
13 discovered in January 2008 that he had been subject to
14 disability discrimination on June 15, 2006.

15    14.    Plaintiff alleges that sometime in Feb.2007, he
16 requested his employee records from Aramark, specifically
17 Aramark's HR Manager, James Chan. Mr. Chan released plaintiff's
18 employee records which contained a copy of the voluntary
19 resignation agreement dated March 28, 2006 plaintiff signed
20 agreeing to return on June 15 2006. On the Face of the Voluntary
21 Resignation Agreement was a notation made by James Chan stating
22 that he communicated with the Executive Chef regarding plaintiff
23 not returning to work on June 15, 2006. Plaintiff alleges that
24 this is evidence that he was terminated pursuant to the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                6

1  voluntary resignation agreement, in addition to the fact that

2  the mere existence of the voluntary resignation agreement shows

3  plaintiff was more than likely terminated pursuant to it.

4    15.    On or around August 28, 2007, plaintiff served Aramark

5  a request for documents demanding all documents relevant to his

6  termination; instead of Aramark producing the same documents he

7  received from James Chan before he filed his lawsuit ARAMARK

8  presented another version of the voluntary resignation without

9  the notation of James Chan on the face of the agreement. This

10  shows defendants withheld evidence.

11    16.    On or around December 20, 2007, plaintiff realized

12  through research that he had been subject to Disability

13  Discrimination and in December 2007, filed a motion to amend his

14  complaint to add Disability Discrimination under the ADA, UNRUH

15  and FEHA. Defendants stipulated with plaintiff to allow the

16  amendment.

17    17.    On or Around Jan 15, 2008, Plaintiff discovered

18  through his Discovery served on Aramark that he was defrauded by

19  defendants, as defendants conspired with their clients to help

20  cover up or attempt to cover-up the fact that they had

21  discriminated against plaintiff due to his mental disability.

22    18.    On or around May 2, 2007, defendants with their client

23  Aramark and their clients' Worker's compensation Attorneys Gray

24  and Prouty, requested from plaintiff that he agree and sign a

25

1  document stating that he voluntarily resigned on May 1, 2007.

2  The purpose for defendants' request was to allow the proposed

3  agreement to void out the agreement signed on March 28, 2006, as

4  this agreement is the initial and actual reason why plaintiff

5  was terminated: which was when plaintiff was forced to resign

6  due to his disability violating ADA, the Unruh and FEHA.

7      19.    Defendants and their client Aramark submitted the

8  agreement to plaintiff for his signature. Plaintiff then refused

9  to agree that he resigned on May 1, 2007, knowing that he

10  resigned on June 15, 2006, pursuant to the agreement signed on

11  March 28, 2006.

12      20.    Defendants insisted that plaintiff sign the agreement

13  prior to releasing his already agreed upon Worker's Compensation

14  settlement of $5,500. Plaintiff altered the date and signed the

15  agreement as voluntarily resigning on June 15, 2006, not May 1,

16  2007 as Defendants requested he do. Although plaintiff did not

17  sign the agreement as voluntarily resigning on May 1, 2007, he

18  did sign agreeing that he *voluntarily resigned* on June 15, 2006.

19  Even though defendants were not successful in getting plaintiff

20  to agree that he resigned on May 1, 2007, they planned to use

21  the agreement anyway to void out the original agreement signed

22  on March 28, 2006. Defendants and their client Aramark planned

23  to use the new agreement to say that plaintiff resigned on June

24  15, 2006, to give the impression that he voluntarily resigned on

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  his own on June 15, 2006, and not pursuant to the agreement he
2  signed on March 28, 2006, to shield themselves from disability
3  discrimination. Although the mere existence of any voluntary
4  agreement plaintiff signed in May 2007, or anytime thereafter,
5  is a fraud.

6     21.    Plaintiff is informed believes and therefore alleges
7  that the defendants made a false representation offering the
8  voluntary resignation agreement. The true facts being; Aramark
9  forced plaintiff to resign pursuant to the voluntary resignation
10 agreement he signed on March 28, 2006,and defendants and Aramark
11 were attempting to suppress this material fact. Defendants
12 requesting plaintiff to sign the agreement presented on May 2,
13 2007 was FRAUD in its purest Form. Defendants Specialty Risk
14 Services abused their position as worker's compensation carriers
15 and helped their client Aramark use the agreed upon settlement
16 of $5,500 to coerce plaintiff to sign the agreement, which would
17 cause plaintiff to defraud his own self. Plaintiff signed the
18 agreement and returned it, as this proves that the FRAUD reached
19 its full Fruition or Justifiable reliance, damaging plaintiff
20 even further.

21    22.    Plaintiff alleges that it was a misrepresentation of
22 Material Fact by Defendants to request plaintiff to agree and
23 sign an agreement stating that his voluntary resignation was on
24 a date after he had already voluntarily resigned in an attempt
25

1 | to cover up a possible disability discrimination claim against
2 | their clients.

3 |    23.    Defendants attempt to use the document to void out his
4 | original resignation agreement signed on March 28, 2006 was
5 | despicable conduct done with malice. Defendants attempted to
6 | help their clients defraud Plaintiff of his rightful claim of
7 | disability discrimination and the tangible and intangible
8 | benefits representing monetary and other remedy for damages that
9 | could be awarded due to the disability claim. This act is
10 | clearly an intentional misrepresentation of Material Fact.

11 |    24.    When the Defendants made the representations, they
12 | knew then to be false or were based on false pretenses or
13 | misrepresentations, as the defendants made these representations
14 | with the intention to deceive and defraud plaintiff and to
15 | induce plaintiff to act in reliance on these representations in
16 | the manner alleged, or with the expectation that plaintiff would
17 | so act. Defendants expected plaintiff to sign the agreement so
18 | he could receive his WC Settlement of $5,500 and coerced him to
19 | sign the agreement before agreeing to release payment of the
20 | $5,500 to him.

21 |    25.    Plaintiff at the time these representations were made
22 | by Defendants, believed that the Defendants representations were
23 | true. Due to believing, plaintiff thought it was acceptable or
24 | all right to sign the document, and that it was not depriving
25 |

1  him of any further rights and that there was a legal forthright
2  reason for defendants requesting him to sign the voluntary
3  agreement. Aramark and the defendants abused their positions as
4  reputable third party administrators, to help present the
5  document as if it was legal when actually it was not, as this
6  shows that plaintiff's reliance on defendant representation was
7  justified.
8      26.    Plaintiff alleges that he has satisfied all the
9  elements for intentional misrepresentations, which includes: (1)
10 misrepresentations (2) Material Fact (3) Knowledge of Falsity
11 (4) Intent to induce reliance (5) Justifiable reliance and (6)
12 Causation and Damages
13     27.    Defendants attempt to defraud Plaintiff violated
14 California Civil Codes 1709, 1710, and 1572
15     28.    As a proximate result of the fraudulent conduct or the
16 defendants as herein alleged, plaintiff was subjected to Fraud
17 and Intentional Deceit that subject or caused him emotional
18 distress and mental anguish.
19     29.    The aforementioned conduct of defendants was an
20 intentional misrepresentation, deceit, or concealment of a
21 material fact know to the defendants with the intention on the
22 part of the defendants to deprive the plaintiff of property or
23 legal rights, causing injury, and was despicable conduct that
24 subjected plaintiff to a cruel unjust hardship in conscious
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          11

1  disregard of the plaintiff's rights, so as to justify an award
2  of exemplary and punitive damages.

3                         SECOND COUNT

4                   Negligent Misrepresentation.

5       30.  When the defendants made the representation they had
6  no reasonable grounds for believing them to be true. Defendants
7  knew that (1) it was not necessary for Plaintiff to sign the
8  Agreement at all (2) it was not necessary for plaintiff to sign
9  the agreement as a condition to him receiving or defendants
10 releasing plaintiff already agreed upon worker's compensation
11 settlement of $5,500.

12      31.  Plaintiff alleges that the defendants made the
13 representation with intent to induce plaintiff to rely upon it.

14      32.  Plaintiff alleges that he was unaware of the falsity
15 of the representation; in that he did not know that the purpose
16 or the agreement was to shield Aramark from a possible
17 discrimination disability claim from plaintiff, depriving
18 plaintiff of any possible monetary damages from the claim.

19      33.  Plaintiff alleges that he acted in reliance upon the
20 truth of the representation; as in him thinking it was necessary
21 to sign the agreement, as he believed it to be safe or true
22 because it was presented to him by ARAMARK's worker's
23 compensation attorney. Plaintiff believed it to be true because
24 he knew Defendants as well as Aramark's Worker's Compensation

25

1  Attorneys knew exactly when Plaintiff actually resigned or knew

2  Plaintiff resigned on June 15, 2006 pursuant to the March 28,

3  2006 agreement.

4      34.   Defendants initiating these actions in an attempt to

5  DEFRAUD plaintiff of his claim of disability discrimination and

6  any possible monetary damages that would be awarded in lieu of

7  the disability discrimination claim violating California Codes

8  1572, 1709 and 1710, Therefore Plaintiff is entitled to

9  Statutory Damages, Costs and awards of Attorney Fees.

10                    THIRD COUNT

11                 Suppression of Fact

12      35.   Plaintiff alleges that defendants suppressed the fact

13  that if was not necessary for plaintiff to agree and sign the VR

14  agreement to receive his WC Check.

15      36.   In addition on or around July 2, 2007, defendants'

16  Attorney Dana Mitchell filed an opposition to plaintiff's

17  Readiness to Proceed. In the opposition, Defendants state or

18  implied that the reason plaintiff's settlement of $5,500 had not

19  been paid was due to plaintiff filing an EEOC Claim subsequent

20  to agreeing to the settlement of $5,500 with defendants.

21  Plaintiff believes defendants lied to the Worker's Compensation

22  Appeals Board to create a "Smoke screen" or cover up as to the

23  actual reason plaintiff's settlement was held up, which was

24  defendants wanting to force plaintiff to sign the agreement to

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          13

1 | shield them from the disability discrimination claim. Defendants
2 | concealed from the Worker's Compensation Appeals Board that
3 | there was no EEOC Claim filed by plaintiff subsequent to the
4 | agreement of the worker's compensation Settlement.

5      37.   The defendants made the failure to disclose and
6 | suppressed and/or concealed the information mentioned herein
7 | alleged, with the intent to induce the plaintiff to act in the
8 | manner herein alleged in reliance thereupon, with the intent to
9 | cause plaintiff to sign the agreement.

10      38.   As a proximate result of the fraudulent conduct or the
11 | defendants as herein alleged, plaintiff was subjected to Fraud
12 | and Intentional Deceit that subject or caused him emotional
13 | distress and mental anguish.

14      39.   The aforementioned conduct of defendants was an
15 | intentional misrepresentation, deceit, or concealment of a
16 | material fact know to the defendants with the intention on the
17 | part of the defendants of to deprive the plaintiff of property
18 | or legal rights, causing injury, and was despicable conduct that
19 | subjected plaintiff to a cruel unjust hardship in conscious
20 | disregard of the plaintiff's rights, so as to justify an award
21 | of exemplary and punitive damages.

22      40.   Defendants' attempt to defraud plaintiff violated
23 | section 1572 of the California Civil Code. Plaintiff is
24 | therefore entitled to Statutory Damages, Costs and award of

25

1  Attorney fees.

2      Wherefore Plaintiff prays for judgment against Defendants

3  as more fully set forth below.

4                         FOURTH COUNT

5                     SUPPRESION OF FACT

6      41.  Plaintiff realleges and incorporates therein by

7  reference every allegation stated herein.

8      42.  Plaintiff is informed, believes and therefore alleges

9  that defendants suppressed the fact that they knew plaintiff was

10  certified disabled and receiving state disability payments and

11  on medical leave when he filed his claim for worker's

12  compensation benefits. Defendants knew this was justifiable

13  evidence that plaintiff was injured and eligible to receive

14  worker's compensation benefits for his injury.

15     43.  Plaintiff is informed, believes and therefore alleges

16  that the defendants Specialty Risk Services on May 2, 2006

17  unjustly denied his claim, and there employer level

18  investigation of his claim failed, as it was incomplete or

19  insufficient in discovering that plaintiff was injured on the

20  job.

21     44.  Plaintiff alleges that defendants knew all details

22  regarding plaintiff's employment with their client Aramark, and

23  knew plaintiff filed complaints against two members of their

24  management staff prior to denying his claim.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          15

1    45.  Plaintiff alleges that defendants knew or should have

2 known or was negligent at the least and in conscious disregard

3 of plaintiff's rights to his claim, breaching their fiduciary

4 duty to properly investigate plaintiff's claim.

5    46. As a proximate result of defendants' suppression of

6 fact, plaintiff has suffered emotional distress and mental

7 anguish.

8    47.  The aforementioned conduct of defendants was an

9 intentional misrepresentation, deceit, or concealment of a

10 material fact know to the defendants with the intention on the

11 part of the defendants of to deprive the plaintiff of property

12 or legal rights, causing injury, and was despicable conduct that

13 subjected plaintiff to a cruel unjust hardship in conscious

14 disregard of the plaintiff's rights, so as to justify an award

15 of exemplary and punitive damages.

16    Wherefore Plaintiff prays for judgment against Defendants

17 as more fully set forth below.

18                         FIFTH COUNT

19                     SUPPRESION OF FACT

20    48.  Plaintiff realleges and incorporates therein by

21 reference every allegation stated herein.

22    49.  Plaintiff is informed, believes and therefore alleges

23 that defendants suppressed from there parent company the

24 prestigious Hartford Insurance Companies based in Connecticut,

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1   the fact that they unjustly denied plaintiff's claim for

2   worker's compensation benefits and the fact that they lied to

3   the Worker's Compensation Appeals Board in San Francisco

4   regarding plaintiff's claim.

5       50.   Plaintiff alleges that defendants knew or should have

6   known or was negligent at the least and in conscious disregard

7   of plaintiff's rights to his claim, breaching their fiduciary

8   duty to properly investigate plaintiff's claim.

9       51. As a proximate result of defendants' suppression of

10  fact, plaintiff has suffered emotional distress and mental

11  anguish.

12      52.   The aforementioned conduct of defendants was an

13  intentional misrepresentation, deceit, or concealment of a

14  material fact know to the defendants with the intention on the

15  part of the defendants of to deprive the plaintiff of property

16  or legal rights, causing injury, and was despicable conduct that

17  subjected plaintiff to a cruel unjust hardship in conscious

18  disregard of the plaintiff's rights, so as to justify an award

19  of exemplary and punitive damages.

20      Wherefore Plaintiff prays for judgment against Defendants

21  as more fully set forth below.

22                    SECOND CAUSE OF ACTION

23              Mail Fraud (18 U.S.C. Section 1341)

24      53.   Plaintiff realleges and incorporates therein by

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              17

1 | reference every allegation stated herein.

2 |     54.   On or around May 2, 2007 Defendants mailed to

3 | Plaintiff by way of his Worker's Compensation Attorney Mary Lou

4 | Williams, the voluntary agreement, which was the execution of a

5 | scheme to defraud plaintiff.

6 |     55.   Title 18 - Crimes and Criminal Procedures, Part 1 -

7 | Crimes Chapter 63 section 1341 Frauds and Swindles States:

8 | Whoever, having devised or intending to devise any scheme or

9 | artifice to defraud, or for obtaining money or property by means

10 | of false or fraudulent pretenses, representations, or promises,

11 | or to sell, dispose of, loan, exchange, alter, give away,

12 | distribute, supply, or furnish or procure for unlawful use any

13 | counterfeit or spurious coin, obligation, security, or other

14 | article, or other article, or anything represented to be or

15 | intimated or held out to be such counterfeit or spurious

16 | article, for the purpose of executing such scheme or artifice or

17 | attempting so to do, places in any post office or authorized

18 | depository for mail matter, any matter or thing whatever to sent

19 | or delivered by the Postal Service, or Deposits or causes to be

20 | deposited any matter or thing whatever to sent or delivered by

21 | any private or commercial interstate carrier, or takes or

22 | receives therefrom, any such matter or thing, or knowingly

23 | causes to be delivered by mail or such carrier according to the

24 | direction thereon, or at the place at which it is directed to be

25 |

1   delivered by the person to whom it is addressed, any such matter

2   or thing shall be fined under this title or shall be fined under

3   this title or imprisoned not more than 20 years, or both.

4   56. Upon Defendants placing the Voluntary Resignation Agreement

5   in the Post Office for Mail matter to be sent by the Postal

6   Service, the Defendants committed Mail Fraud.

7                    FIRST COUNT OF MAIL FRAUD

8       56.1 On or around May 2,2007 upon Defendants mailing the

9   Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th

10  Street, San Francisco, CA 94104 constitutes first count of mail

11  fraud.

12                   SECOND COUNT OF MAIL FRAUD

13      57.  On or around May 2,2007 upon Defendants mailing a copy

14  of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,

15  at P.O. Box 591, Burbank, CA constitutes second count of mail

16  fraud, as it was initiated to further the Scheme.

17                   THIRD COUNT OF MAIL FRAUD

18      58.  On or around May 2,2007 upon Defendants mailing a copy

19  of the Voluntary Resignation Agreement to Mark Antoine Foster at

20  225 Ellis Street, San Francisco, CA., constitutes a third count

21  of mail fraud, as it was initiated to further the Scheme.

22                   FOURTH COUNT OF MAIL FRAUD

23      59.  On or around July 3,2007 upon Defendants mailing a

24  copy of the opposition to Plaintiff's Declaration of Readiness

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    19

1   to Proceed to the Worker's Compensation Appeals Board

2   constitutes a Fourth Count of MAIL FRAUD, as it was initiated to

3   further the Scheme.

4                    FIFTH COUNT OF MAIL FRAUD

5       60.  On or around July 3,2007 upon Defendants mailing a

6   copy of the opposition to Plaintiff's Declaration of Readiness

7   to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,

8   CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was

9   initiated to further the Scheme.

10                   SIXTH COUNT OF MAIL FRAUD

11      61.  On or around July 3,2007 upon Defendants mailing a

12  copy of the opposition to Plaintiff's Declaration of Readiness

13  to Proceed Gretchen Devine at Specialty Risk Services at P.O.

14  Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,

15  as it was initiated to further the Scheme.

16      62.  As a proximate result of defendants' suppression of

17  fact, plaintiff has suffered emotional distress and mental

18  anguish.

19      63.  The aforementioned conduct of defendants was an

20  intentional misrepresentation, deceit, or concealment of a

21  material fact know to the defendants with the intention on the

22  part of the defendants of to deprive the plaintiff of property

23  or legal rights, causing injury, and was despicable conduct that

24  subjected plaintiff to a cruel unjust hardship in conscious

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  disregard of the plaintiff's rights, so as to justify an award
2  of exemplary and punitive damages.

3      Wherefore Plaintiff prays for judgment against Defendants
4  as more fully set forth below.

5                  THIRD CAUSE OF ACTION

6                  CONSPIRACY TO DEFRAUD

7               (18 U.S.C. SECTION 1345,1349)

8      64.  Plaintiff realleges and incorporates therein by
9  reference every allegation stated herein.

10     65.  Plaintiff is informed, believes and therefore alleges
11 that between March 9,2007 and May 1, 2007 Defendants and members
12 of Aramark's Management conspired to defraud plaintiff by
13 attempting to cover-up a "would be" Disability Discrimination
14 Claim and wrongful termination Claim pursuant to the ADA, the
15 UNRUH and FEHA.

16     66.  Plaintiff is informed, believes and therefore alleges
17 that Aramark's managers conspired and with defendants to submit
18 and offer the Voluntary Resignation Agreement to plaintiff, on
19 May 2,2007, knowing it was being submitted for fraudulent
20 reasons.

21     67.  Defendants conspiring to defraud plaintiff violated
22 California Civil Codes 1709, 1710 and 1572 and 18 U.S.C. Section
23 1345, and 1349.

24     68.  As a proximate result of the fraudulent conduct of the
25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          21

1  defendants as herein alleged, plaintiff was subjected to fraud

2  and intentional deceit and MAIL FRAUD causing plaintiff

3  emotional distress.

4      69. The aforementioned conduct of defendants was an

5  intentional misrepresentation deceit, or concealment of a

6  material fact know to the defendants with the intention on the

7  part of the defendants of thereby depriving the plaintiff of

8  property or legal rights causing injury, and was despicable

9  conduct that subjected plaintiff to a cruel unjust hardship in

10 conscious disregard of the plaintiff's rights, so as to justify

11 an award of exemplary and punitive damages.

12     Wherefore Plaintiff prays for judgment against Defendants

13 as more fully set forth below.

14                     FOURTH CAUSE OF ACTION

15                         WIRE FRAUD

16                     18 U.S.C. SECTION 1343

17     70.  Plaintiff realleges and incorporates therein by

18 reference every allegation stated herein.

19     71. Plaintiff is informed, believes and therefore alleges

20 that between March 9,2007 and May 2,2007, Defendants and members

21 of Aramark Management utilized emails, the telephone or by fax

22 to further their Scheme to defraud Plaintiff by attempting to

23 cover-up a "would be" disability discrimination claim and

24 wrongful termination Claim pursuant to the ADA, the UNRUH and

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          22

1   FEHA.

2       72.   Plaintiff is informed, believes and therefore alleges
3   that between March 9,2007 and May 2,2007, Defendants and members
4   of Management of Aramark conspired with defendants Gray & Prouty
5   and Morgan & Lewis to submit the offer to plaintiff in the form
6   of the agreement.

7       73.   Defendant's use of the above mentions methods of
8   Communication to defraud plaintiff violated Section California
9   Civil Codes 1709, 1710 and 18 U.S.C. Section 1343.

10      74.   As a proximate result of the Fraudulent conduct or the
11  defendants as herein alleged, Plaintiff was subjected to Fraud
12  and Intentional Deceit and WIRE FRAUD, causing plaintiff
13  emotional distress.

14      75.   The aforementioned conduct of defendants was an
15  intentional misrepresentation, deceit, or concealment of a
16  material fact know to the defendants with the intention on the
17  part of the defendants, thereby depriving the plaintiff of
18  property or legal rights causing injury to plaintiff, and was
19  despicable conduct that subjected plaintiff to a cruel unjust
20  hardship in conscious disregard of the plaintiff's rights, so as
21  to justify an award of exemplary and punitive damages.

22      Wherefore Plaintiff prays for judgment against Defendants
23  as more fully set forth below.

24                       FIFTH CAUSE OF ACTION

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                            23

1                          BREACH OF FUDICIARY DUTY

2        76.  Plaintiff  realleges  and  incorporates  therein  by

3   reference every allegation stated herein.

4        77.  Defendants,  a  third  party  administrator,  breached

5   their fiduciary duty, as a third party administrator, they were

6   negligent  in  their  duties  and  behaved  in  a  way  that  was

7   despicable due to them being a third party administrator, having

8   a  duty of care  to uphold the  law, knowing  they were  helping

9   break the law. Defendants knew the acts being committed were

10  being done for fraudulent reasons and still allowed themselves

11  to  conspire  with  their  clients  to  help  defraud  plaintiff.

12  Defendants recognized the risks created by their actions and

13  Aramark  actions  and  understood  what  could  happen  from  those

14  risks taken.

15       78.  Plaintiff  alleges  that  defendants  knew  all  detail

16  regarding  plaintiff's  employment  with  their  client  Aramark,

17  including  knowing  when  plaintiff  actually  resigned  and  why.

18  Defendants knew requesting and coercing plaintiff to sign the

19  agreement presented on May 2, 2007 was to void out the original

20  agreement  plaintiff  signed  on  March  28,  2006  to  help  shield

21  their client Aramark from a possible discrimination claim from

22  plaintiff.

23       79.  Plaintiff alleges that third party administrators are

24  held  to  a  higher  standard  of  care  than  an  ordinary  reasonable

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    24

1  person would be. They must behave as a reasonable third party
2  administrator would do so rather than a reasonable person. The
3  perspective of a third party administrator would be different
4  matters in the court. Defendant Specialty Risk Services and
5  their employee Gretchen Devine owe plaintiff a reasonable
6  standard of care.

7     80.  Plaintiff alleges that the defendants' acts breached
8  their fiduciary duty violating section 3300 of the California
9  Civil Code.

10    81.  As a direct and proximate result of said breach,
11  plaintiff has suffered the actual and special and general
12  damages as alleged, and which are incorporated herein by this
13  reference, and seek recovery of the same, and for an award of
14  costs and reasonable attorney fees.

15    82.  Plaintiff alleges that the defendants' breach was
16  committed to defraud plaintiff and was in conscious disregard of
17  plaintiff's rights and was willful, oppressive and malicious;
18  and designed to cause plaintiff to suffer economic and emotional
19  injury. Plaintiff is therefore entitled to an award of exemplary
20  and punitive damages against defendants, in an amount to be
21  determined at trial.

22                 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23    83.  Plaintiff realleges and incorporates therein by
24  reference every allegation stated herein.

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                      25

1    84.    The fraudulent actions of defendants were outrageous,
2    intentional and malicious and done with reckless disregard of
3    the fact that they would certainly cause plaintiff to suffer
4    severe emotional and physical distress. Defendants knew that
5    defrauding plaintiff in an attempt to deprive from his "would
6    be" Disability Discrimination Claim would certainly cause him to
7    suffer severe emotional and physical distress. Defendants also
8    knew Plaintiff had already suffered psychological injury due to
9    the previous acts of the Aramark while Plaintiff was employed at
10   the Carnelian Room, but still proceeded with their Fraudulent
11   acts after Plaintiff resigned or was constructively Discharged.

12       85. As a proximate result of the acts of defendants,
13   Plaintiff has and will more than likely continue to suffer
14   emotional distress in the form of fear, anxiety, worry, and
15   mental suffering as the injury will have an effect on
16   Plaintiff's future capacity to work and earn income.

17       86. Plaintiff will seek more psychological counseling as a
18   result of the defendants conduct.

19       87.   As a proximate result of Defendants conduct, Plaintiff
20   has suffered general Damages in an amount to be determined by
21   Proof at Trial.

22       88.   Defendants conduct was done knowingly, willfully and
23   with malicious intent and Plaintiff can prove the fraudulent
24   acts of Defendants by "clear and convincing" evidences and
25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    26

1  therefore Plaintiff is entitled to Punitive Damages in an amount
2  to be determined by Proof at trial.

3              NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4       89. Plaintiff realleges and incorporates therein by
5  reference every allegation stated herein.

6       90. Plaintiff is informed, believes and therefore alleges
7  that Defendant Specialty Risk Services is negligent in causing
8  plaintiff Emotional Distress, in that Defendant specialty risk
9  services has breached their duty of care by allowing themselves
10 as third party administrators and their client Aramark to
11 intentionally inflict Plaintiff with Emotional Distress causing
12 Plaintiff injury resulting in damages. Defendants' negligence
13 causing of Emotional Distress is not an independent Tort: it is
14 a Tort of Negligence.

15      91. As a proximate result of the fraudulent conduct of the
16 defendants as herein alleged, caused plaintiff emotional
17 distress.

18      Wherefore Plaintiff prays for judgment against Defendants
19 as more fully set forth below.

20                       PRAYER FOR RELEIF

21      WHEREFORE, Plaintiff FOSTER prays for judgment against
22 defendants, and each of them, as more fully set forth below:

23      1. For general damages, including emotional distress,
24          according to proof;

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          27

1      2. For statutory penalties and all relief allowed by

2         statute according to proof;

3      3. For punitive damages;

4      4. For an award of attorney's fees;

5      5. For pre-judgment interest at the legal rate according to

6         proof;

7      6. For costs of suit incurred;

8      7. For such other and further relief as the court may deem

9         proper.

10   Dated: *February 7, 2008*       *Mark Antoine Foster*

11                            Mark Antoine Foster, In Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

# Exhibit C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark Antoine Foster<br>200 Corpus Cristie Road #A<br>Alameda, California 94502<br><br>TELEPHONE NO.: 415-756-1611      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:    400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE:    San Francisco
BRANCH NAME:    Civic Center

| PLAINTIFF/PETITIONER:  Mark Antoine Foster | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Specialty Risk Services | CGC08471939 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  [✓]  summons
    b.  [✓]  complaint
    c.  [✓]  Alternative Dispute Resolution (ADR) package
    d.  [ ]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  cross-complaint
    f.  [ ]  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*
        Specialty Risk Services

    b.  [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Office Receptionist at 333 Glenoaks Blvd, #302, Burbank, California

4.  Address where the party was served:
    333 Glenoaks Blvd., #302, Burbank California

5.  I served the party *(check proper box)*
    a.  [✓]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date):* 2-11-2008      (2) at *(time):*  3:00pm
    b.  [ ]  by substituted service. On *(date):*      at *(time):*      I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [✓]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*      from *(city):*      or [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Mark Antoine Foster | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Specialty Risk Services | CGC08471939 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):               (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means (specify means of service and authorizing code section):

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☐ On behalf of (specify):
    under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                         ☐ other:

7. Person who served papers
  a. Name: Thom McMullen
  b. Address: 725 Ellis Street, #408, San Francisco, California
  c. Telephone number: 619-646-0895
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: February 11, 2008

Thom McMullen
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                   (SIGNATURE)

# Exhibit D

COPY

ENDORSED
FILED
San Francisco County Superior Court

MAR 1 2 2008

GORDON PARK-LI, Clerk
BY:_____ MICHAEL RAYRAY
Deputy Clerk

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JULIA A. MOLANDER BAR NO. 83839
2  DEAN J. MCELROY BAR NO. 213132
   LISA G. ROWE BAR NO. 232601
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635
   Email: julia.molander@sdma.com
6
   Attorneys for Defendant SPECIALITY RISK SERVICES
7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      CITY AND COUNTY OF SAN FRANCISCO

11

12
   MARK ANTOINE FOSTER,                      CASE NO. CGC-08-471939
13
            Plaintiff,                        **SPECIALTY RISK SERVICES' ANSWER
14                                            TO COMPLAINT**
            v.
15
   SPECIALTY RISK SERVICES, AND
16 GRETCHEN DEVINE, as an individual,
   and DOES 1 through 91
17
            Defendants.
18

19

20        COMES NOW defendant Specialty Risk Services ("SRS"), pursuant to California Code

21 of Civil Procedure §431.30 and, in answer to the unverified complaint of plaintiff Mark Antoine

22 Foster ("Foster"), denies each and every allegation in the complaint. SRS further denies that

23 plaintiff has suffered any injury or damage in the sum or sums alleged, or in any sum, or at all, or

24 is otherwise entitled to any relief.

25                            **AFFIRMATIVE DEFENSES**

26        By raising the following affirmative defenses, SRS does not concede that it has the

27 burden of proof as any defense.

28  ///

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1

## FIRST AFFIRMATIVE DEFENSE

2  The complaint, and each and every purported cause of action therein, fails to state facts

3  sufficient to constitute a cause of action.

4

## SECOND AFFIRMATIVE DEFENSE

5  The complaint, and each and every purported cause of action therein, fails to state a claim

6  upon which relief can be granted.

7

## THIRD AFFIRMATIVE DEFENSE

8  Plaintiffs' claims are barred because plaintiff has no standing to bring this action against

9  SRS.

10

## FOURTH AFFIRMATIVE DEFENSE

11  To the extent that the complaint was not brought in good faith pursuant to Code of Civil

12  Procedure § 128.7 or Federal Rule 11, SRS is entitled to and will seek reasonable expenses,

13  including attorneys' fees, incurred in defending the action, and any recovery against SRS must be

14  adjusted accordingly.

15

## FIFTH AFFIRMATIVE DEFENSE

16  All of the allegations and claims for relief contained in the complaint are barred by the

17  applicable Federal and state statutes of limitations including, but not limited to, California Code

18  of Civil Procedure §§ 335, 337, 338, 338(d), 339, 342, 343, and 361.

19

## SIXTH AFFIRMATIVE DEFENSE

20  The complaint is barred, in whole or in part, due to plaintiff's failure to join material and

21  indispensable parties, which joinder is necessary to fully determine all rights of the parties.

22

## SEVENTH AFFIRMATIVE DEFENSE

23  The complaint is barred under the doctrines of res judicata and/or collateral estoppel.

24

## EIGHTH AFFIRMATIVE DEFENSE

25  To the extent that plaintiff has failed to mitigate, minimize, or avoid any damages he

26  allegedly sustained, any recovery against SRS must be reduced accordingly.

27  ///

SEDGWICK
DETERT, MORAN & ARNOLD LLP

28  ///

-2-

1    ## NINTH AFFIRMATIVE DEFENSE

2        Plaintiff has failed to allege fraud in the inducement with sufficient specificity or

3    particularity.

4    ## TENTH AFFIRMATIVE DEFENSE

5        Plaintiff has failed to allege suppression of fact with sufficient specificity or particularity.

6    ## ELEVENTH AFFIRMATIVE DEFENSE

7        Plaintiff has failed to allege conspiracy with sufficient specificity or particularity.

8    ## TWELFTH AFFIRMATIVE DEFENSE

9        Plaintiff has failed to allege mail fraud with sufficient specificity or particularity.

10    ## THIRTEENTH AFFIRMATIVE DEFENSE

11        Plaintiff has failed to allege wire fraud with sufficient specificity or particularity.

12    ## FOURTEENTH AFFIRMATIVE DEFENSE

13        Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches,

14    waiver, estoppel, and unclean hands.

15    ## FIFTEENTH AFFIRMATIVE DEFENSE

16        To the extent plaintiff has acted in any fraudulent manner, plaintiff's claims are barred.

17    ## SIXTEENTH AFFIRMATIVE DEFENSE

18        To the extent plaintiff's actions constituted a full release and waiver by plaintiff of any

19    and all claims which plaintiff may have had against SRS, plaintiff is barred from asserting the

20    complaint, or any purported cause of action therein, against SRS.

21    ## SEVENTEENTH AFFIRMATIVE DEFENSE

22        Plaintiff's claims are barred to the extent there is no privity between plaintiff and SRS.

23    ## EIGHTEENTH AFFIRMATIVE DEFENSE

24        Plaintiff's claims are barred to the extent there is no fiduciary relationship between

25    plaintiff and SRS.

26    ## NINETEENTH AFFIRMATIVE DEFENSE

27        Plaintiff's claims are barred to the extent they are preempted by the California Workers'

28    Compensation laws.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1     ## TWENTIETH AFFIRMATIVE DEFENSE

2     Plaintiff has not suffered any damages as a result of any actions taken by SRS or its

3     agents or representatives, and plaintiff is thus barred from asserting the complaint, or any

4     purported cause of action therein, against SRS.

5     ## TWENTY-FIRST AFFIRMATIVE DEFENSE

6     Plaintiff's claims are barred to the extent the complaint seeks exemplary or punitive

7     damages pursuant to California Civil Code Section 3294 against this answering defendant,

8     violates defendant's right to procedural due process under the Fourteenth Amendment of the

9     United States Constitution, and Article I, Section 7 of the Constitution of the State of California,

10    and therefore fails to state a cause of action upon which either punitive or exemplary damages

11    can be awarded.

12    ## TWENTY-SECOND AFFIRMATIVE DEFENSE

13    Plaintiff has failed to set out his claims with sufficient particularity to permit SRS to raise

14    all appropriate defenses and, thus, SRS reserves its right to add additional defenses as a factual

15    basis for plaintiff's claims becomes known.

16    WHEREFORE, defendant prays:

17    1.    That plaintiff take nothing by the complaint;

18    2.    That this defendant be dismissed;

19    3.    For costs of suit incurred herein; and

20    4.    For such other and further relief that this Court may deem just and proper.

21

22    DATED: March 11, 2008            SEDGWICK, DETERT, MORAN & ARNOLD LLP

23

24

25    By: _____

26    Julia A. Molander
      Dean J. McElroy
      Lisa G. Rowe

27    Attorneys for Defendant Specialty Risk Services

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

-4-

*Mark Antoine Foster v. Specialty Risk Services, et al.*
(0571-000074)

1

## PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market

3 Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On March 12, 2008, I served the within document(s):

4

### SPECIALTY RISK SERVICES' ANSWER TO COMPLAINT

5

6

☐     FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

7

8

☒     MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

9

☐     PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

☐     OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

12

13

Mark Antoine Foster                  In Pro Per
200 Corpus Cristie Road #A
Alameda, California 94502

14

Tel: (415) 756-1611

15

16 I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

17 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

18 meter date is more than one day after date of deposit for mailing in affidavit.

19 I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 12, 2008, at San Francisco, California.

20

21                                   Andrea Mackenzie

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

PROOF OF SERVICE

SF/1493290v2

San Francisco Super    Court Case No. CGC-08-471939
(0571-000074)

1

## PROOF OF SERVICE

2   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market

3  Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On March 13, 2008, I served the within document(s):

4

   **NOTICE TO PLAINTIFF MARK ANTOINE FOSTER AND TO THE**
5  **CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,**
  **COUNTY OF SAN FRANCISCO, OF FILING OF NOTICE OF REMOVAL**
6  **OF CIVIL ACTION WITH THE UNITED STATES DISTRICT COURT**
  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

7

  ☐  FACSIMILE - by transmitting via facsimile the document(s) listed above to the
8     fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

9  ☒  MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California
10     addressed as set forth below.

11  ☐  PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

12  ☐  OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
13     envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

14  Mark Antoine Foster       In Pro Per
15  200 Corpus Cristie Road #A
  Alameda, California 94502

16  Tel: (415) 756-1611

17

18   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
19  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage
20  meter date is more than one day after date of deposit for mailing in affidavit.

21   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 13, 2008, at San Francisco, California.

22

23          _Andrea Mackenzie_
            Andrea Mackenzie

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

SF/1493290v3

**Exhibit 3**

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JULIA MOLANDER  Bar No. 83839
2   julia.molander@sdma.com
    DEAN J. MCELROY  Bar No. 213132
3   dean.mcelroy@sdma.com
    LISA G. ROWE  Bar No. 232601
4   lisa.rowe@sdma.com
    One Market Plaza
5   Steuart Tower, 8th Floor
    San Francisco, California 94105
6   Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
7
    Attorneys for Defendant
8   SPECIALTY RISK SERVICES

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

| 11 | MARK ANTOINE FOSTER, | CASE NO. 3:08-cv-00733-MHP |
|---|---|---|
| 12 | Plaintiff, | **SPECIALTY RISK SERVICES'** |
| 13 | v. | **ADMINISTRATIVE MOTION TO RELATE CASES** |
| 14 | ARAMARK SPORTS & | JUDGE:   HON. MARILYN HALL PATEL |
| 15 | ENTERTAINMENT, INC., YING KEE MCVICKER, AND MATTHEW LEE, | |
| 16 | Defendants. | |

17

18

19       TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE that pursuant to Local Rules 3-12 and 7-11, Specialty Risk

21   Services ("SRS"), a defendant in *Foster v. Specialty Risk Services, et al.*, Case No. 4:08-cv-1421-

22   SBA, seeks an order determining that the following cases are related:

23       1.       *Foster v. Aramark Sports & Entertainment, Inc., Ying Kee McVicker, an*

24   *individual, Matthew Lee, an individual, and DOES 1 through 51*, Case No. 3:08-cv-00733-MHP

25   ("*Foster I*"), removed to this Court on January 31, 2008 and assigned to Hon. Marilyn Hall Patel;

26       2.       *Foster v. Aramark Sports LLC, and Aramark Corporation, and DOES 1 through*

27   *73*, Case No. 3:08-cv-01336-PJH ("*Foster II*"), removed to this Court on March 7, 2008 and

28   assigned to Hon. Phyllis J. Hamilton;

1      3.    *Foster v. Morgan Lewis & Bockius, LLP, and Eric Meckley, as an Individual, and*

2    *DOES 1 through 81*, Case No. 3:08-cv-01337-EDL ("*Foster III*"), removed to this Court on

3    March 7, 2008 and assigned to Magistrate Judge Elizabeth D. Laporte; and

4      4.    *Foster v. Specialty Risk Services and Gretchen Devine, as an Individual, and*

5    *DOES 1 through 91*, Case No. 4:08-cv-01421-SBA ("*Foster IV*"), removed to this Court on

6    March 12, 2008 and assigned to Hon. Saundra Brown Armstrong.

7         Under the Northern District Local Rules, Local Rule 3-12(a) defines an action as

8    "related" to another when:

9              (1)  The actions concern substantially the same parties, property, transaction or
               event; and
10

11             (2)  It appears likely there will be an unduly burdensome duplication of labor and
               expense or conflicting results if the cases are conducted before different Judges.
12

13        The claims alleged in all four actions arise out of alleged employment discrimination and

14   violation of the Americans with Disabilities Act, asserted in *Foster I*.  In addition, the allegations

15   asserted by plaintiff in *Foster II, Foster III*, and *Foster IV* arise from workers' compensation

16   claims by plaintiff, Mark Antoine Foster, which are related to and arise out of the claims made by

17   plaintiff in *Foster I*.

18        There is no doubt that the claims made by plaintiff in *Foster II, Foster III*, and *Foster IV*

19   concern the same parties, property, transactions and legal issues.  Nine of the ten causes of

20   actions are the same and are, in fact, worded identically in most instances.  (See Rowe Decl., ¶¶

21   9-10.)  The differences in each of these actions arise merely as a result of plaintiff filing separate

22   actions against each of the parties named therein.  (See Rowe Decl., ¶¶ 3-5.)  It is clear that the

23   parties in each of these actions are all related, as a result of the transaction or occurrence cited in

24   the complaint filed in *Foster I*, the instant action.  (See Rowe Decl., ¶¶ 6-8.)

25        Likewise, the claims asserted in *Foster II, Foster III*, and *Foster IV* all arise out of the

26   transaction or occurrence giving rise to the claims made by plaintiff in *Foster I*.  (See Rowe

27   Decl., ¶¶ 6-8.)

28

1    Accordingly, defendant Specialty Risk Services requests that these four actions be treated

2 as related cases within the meaning of Local Rule of Court 3-12, so as to conserve judicial

3 resources and promote efficient determination of this action.

4    Relating the four cases is appropriate because it is likely that there would be an unduly

5 burdensome duplication of labor and expense as to the parties and the Court if the cases are not

6 deemed related. It would be more convenient for, and would preserve the resources of, the

7 parties and the Court to litigation *Foster II*, *Foster III*, and *Foster IV* before the Honorable

8 Marilyn Hall Patel, who is already familiar with the parties and facts of the case from *Foster I*.

9    For these reasons, SRS requests that the Court make a determination that *Foster I*, *Foster*

10 *II*, *Foster III*, and *Foster IV* are "related" within the meaning of the Local Rules of Court.

11

12

13 DATED: *March 19, 2008*    SEDGWICK, DETERT, MORAN & ARNOLD LLP

14

15         By: _____

16           Julia Molander
           Dean J. McElroy
17           Lisa G. Rowe
           Attorneys for Defendant
18           SPECIALTY RISK SERVICES

19

20

21

22

23

24

25

26

27

28

           -3-         CASE NO. 3:08-cv-00733-MHP
           ADMINISTRATIVE MOTION TO RELATE CASES

# Exhibit 4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 08-00733 MHP**   **Foster v. Aramark Sports & Entertainment, Inc. Et al**

**C 08-01336 PJH**   **Foster v. Aramark Sports LLC et al**

I find that the above case is related to the case assigned to me. _____

**C 08-01337 EDL**   **Foster v. Morgan Lewis & Bockius, LLP et al**

I find that the above case is related to the case assigned to me. _____

### ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: 3/18/08   _____
                  Judge Marilyn H. Patel

Dated: _____   _____

-1-

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**RELATED CASE ORDER**

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 08-00733 MHP**      **Foster v. Aramark Sports & Entertainment, Inc. Et al**

**C 08-01336 PJH**      **Foster v. Aramark Sports LLC et al**

I find that the above case is related to the case assigned to me. _____

**C 08-01337 EDL**      **Foster v. Morgan Lewis & Bockius, LLP et al**

I find that the above case is related to the case assigned to me. _____

**ORDER**

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: _3/18/08_        _____
                        Judge Marilyn H. Patel

Dated: _____  _____

-1-

# Exhibit 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 08-00733 MHP**     **Foster v. Aramark Sports & Entertainment, Inc. Et al**

**C 08-01421 SBA**     **Foster v. Specialty Risk Services et al**

I find that the above case is related to the case assigned to me

**ORDER**

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: 3/24/08 _____
Judge Marilyn H. Patel

-1-